### JAMES LITTLE v. STATE.

No. A-3695.    Opinion Filed Feb. 13, 1922.
(204 Pac. 305.)

(Syllabus.)

1. **Indictment and Information—Amendment to Felony Information Charging Different Offense.** In prosecutions for felony by informations, no amendment to the information in the trial court is permissible, either before or after plea, which has the effect of charging an offense for which no preliminary examination had been given or waived by the defendant.

2. **Same—Filing of Information Authorized by Fact of Preliminary Examination or Waiver.** Under section 17, art. 2, Constitution, the precedent fact that a preliminary examination has been had or waived constitutes a constitutional basis for a prosecution by information in the district court. It is the fact that there was a preliminary examination, or a waiver thereof, and a judicial determination thereon by the examining magistrate that a felony has been committed and that there is probable cause to believe that the defendant is guilty thereof, that confers jurisdiction on the district court and authorizes the county attorney to file an information in said court according to the facts in evidence on such examination, or for the offense charged in the preliminary information when such examination has been waived by the defendant and no testimony taken.

3. **Same—Judicial Notice Whether Information Conforms to Facts Disclosed at Preliminary Hearing—Allowance of Amendment.** If testimony is taken at a preliminary examination, reduced to writing, and filed with the clerk of the district court as provided by statute, the trial court takes judicial notice of whether or not the information filed by the county attorney conforms to the facts as disclosed by the evidence in the preliminary examina-

tion. If the original information filed in the trial court by the county attorney does not conform to such facts, the trial court may permit an amendment thereto in conformity with such facts.

4. **Same—Where no Transcript of Preliminary Examination Burden on Defendant to Show Nonconformity of Amended Information.** Where no transcript of the evidence at the preliminary examination is taken and filed with the clerk of the district court, although testimony of witnesses is given at such preliminary examination, and the trial court permits the information to be amended, the burden is upon the defendant to support his motion to quash the amended information (on the ground that he had been accorded no preliminary examination for the crime charged in the amended information), by showing that the testimony of the witnesses before the examining magistrate disclosed an offense different from that charged in the amended information.

5. **Same—Defendant's Burden of Proof not Met.** For reasons holding motion to quash amended information properly overruled, see statement of case and opinion.

6. **Larceny—Information—Person in Lawful Possession Described as Owner.** The actual condition of the legal title of property alleged to have been stolen is immaterial to the thief; so far as he is concerned, one may be taken as the owner who is in personal possession of the property and whose possession was unlawfully disturbed by the taking. The possessor of the goods from whom the thief took them may properly be described as the owner of the property in the indictment or information.

7. **Same—Allegation of Possession and Ownership in Lessee—Proof of Actual Ownership in Another Allowable.** Where the preliminary information charged both the ownership and the possession of the stolen property to be in one C. L. P. and there was also an additional allegation further identifying the crime that the property was stolen from the leasehold of C. L. P. in N. county, the allegation of ownership was not the only means that defendant had of identifying the offense from a perusal of the preliminary information. Under such allegations it would have been permissible to show, as against the thief, that one F. F. was the actual owner of the property, provided the additional showing was made that the property stolen at the time of its taking was in the actual possession of C. L. P. and was taken from the leasehold of C. L. P. in N. county.

Appeal from District Court, Nowata County; C. W. Mason, Judge.

James Little was convicted of grand larceny, and he appeals. Affirmed.

On the 19th of November, 1918, there was filed before C. W. Childers, justice of the peace in Nowata county, a preliminary complaint or information charging John Little and James Little with the crime of grand larceny, alleged to have been committed in said county on or about the 15th day of November, 1918, in manner and form as follows:

That the said John Little and James Little, then and there being did then and there unlawfully, feloniously, and by fraud and stealth take, steal, and carry away from C. L. Puckett's lease in Nowata county, state of Oklahoma, the personal property, to wit, 110 bushels of oats of the value of $71.50, good and lawful money of the United States, then and there the personal property of C. L. Puckett and in the possession of the said C. L. Puckett; the said taking, stealing, and carrying away of said property being then and there without the knowledge or consent of the said C. L. Puckett and against his will, and with the intent then and there existing in the mind of the said John Little and James Little to deprive the said C. L. Puckett thereof and to convert the same to their own use, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state.

And warrant of arrest was issued on said information, and on said 19th of November, 1918, the defendants appeared by their attorney, E. E. Sams, and the state by the county attorney and by agreement the date for the preliminary hearing was set for November 21, 1918.

On the 21st day of November, 1918, the defendants were arraigned on said information and entered pleas of not guilty, and the witnesses for the state and for the defendants were sworn and testified, and the defendant John Little was discharged, and the defendant James Little was held to the district court for trial and his bond fixed at $2,000. Thereafter

the defendant James Little gave bond in the sum of $2,000 for his appearance to answer the charge of grand larceny in the district court of Nowata county.

Thereafter, on the 23d of January, 1919, the county attorney of Nowata county filed an information against the defendant James Little charging him with the crime of grand larceny, alleged to have been committed in Nowata county on about the 15th day of November, 1918; the charging part of which is as follows:

That the said James Little, then and there being, did then and there unlawfully, feloniously, and by fraud and stealth take, steal, and carry away from C. L. Puckett leasehold in Nowata county, state of Oklahoma, the personal property, to wit, 110 bushels of oats of the value of $71.50, good and lawful money of the United States, then and there the personal property of C. L. Puckett; the said taking, stealing, and carrying away of said property being then and there without the knowledge or consent of the said C. L. Puckett and against his will, and with the intent then and there existing in the mind of the said James Little to deprive the said C. L. Puckett thereof and to convert the same to his, the said James Little's, own use, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.

Thereafter, on the 3d day of February, 1919, defendant James Little appeared in person and also by counsel in open court, was arraigned, said his true name was James Little, as charged in the information, and asked time to plead, and was given until February 17, 1919, to plead to said information.

Thereafter, on the 17th day of February, 1919, defendant filed a demurrer to the information on the following grounds:

(1) That said information does not substantially conform to the requirements of the laws of the state of Oklahoma.

(2) That the facts stated in said information do not con-

stitute a public offense under the laws of the state of Oklahoma.

On said date said demurrer was heard and overruled, and defendant entered his plea of not guilty to the charge, and the cause was continued for the term.

Thereafter, on November 4th, 1919, the county attorney, by leave of court, was permitted to amend the information in the following manner:

By striking out the name C. L. Puckett in line 7 and line 12 and submitting the name of "Frank Farbo," and by adding the words "and Frank Farbro" after the name "C. L. Puckett" in line 10.

To the foregoing amendment the defendant objected. His objection was overruled by the court, to which exception was taken, and the defendant was then called before the court for re-arraignment, and waived arraignment and asked 24 hours in which to plead.

The charging part of the information as amended is as follows :

That the said James Little, then and there being, did then and there unlawfully, feloniously, and by fraud and stealth take, steal, and carry away from C. L. Puckett leasehold in Nowata county, state of Oklahoma, the personal property, to wit, 110 bushels of oats of the value of $71.50, good and lawful money of the United States, then and there the personal property of Frank Farbro and in the possession of the said C. L. Puckett; the said taking, stealing, and carrying away of said property being then and there without the knowledge or consent of the said C. L. Puckett and Frank Farbro and against his will, and with the intent then and there existing in the mind of the said James Little to deprive the said Frank Farbro thereof and to convert the same to his, the said James Little's, own use, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state.

Thereafter, on the 5th day of November, the defendant filed a motion to quash and set aside the amended information upon the grounds that said information charged a new and different offense from the one charged in the original information, in that, in the original information defendant was charged with the larceny of oats from one C. L. Puckett, while the amended information charges defendant with the larceny from one Frank Farbro; and for the further reason that defendant has never had a preliminary hearing on the offense as set forth in the amended information and has never waived a preliminary hearing as to such charge.

On said 5th day of November, 1919, the said motion to quash the amended information was heard by the court and overruled, to which action the defendant objected and excepted, and thereupon the defendant entered his plea of not guilty to said charge, and the case was then reassigned for trial for November 7, 1919.

Thereafter, on the 7th of November, 1919, the defendant filed a motion and application for a continuance of said cause on the following grounds:

(1) That on the 4th day of November, 1919, by permission of the court, the county attorney amended the information herein by charging a new and different offense from that charged in the original information and on which defendant was given a preliminary hearing, and for which he was held to answer to the district court; that this defendant was thereupon arraigned upon the new or amended information on the 4th day of November, 1919, and entered his plea late in the afternoon of November 5, 1919; (2) that since pleading to the amended information the defendant has not had sufficient time or opportunity to subpoena or secure the attendance of witnesses on his behalf for 9 o'clock on November 7, 1919.

The defendant therefore asks that his case be continued for the term or to such subsequent time in the present term as

will enable this defendant to make preparation for his trial and secure the attendance of witnesses to meet the new issue raised by the amended information.

This application was supported by the affidavit of the defendant as follows:

James Little, of lawful age, first being duly sworn on his oath, says: That on the 4th day of November, 1919, the county attorney, over the objection of the defendant, was permitted by the court to amend the information herein; that he did amend said information by charging this defendant with a new and separate offense, to wit, larceny of oats from one Frank Farbo, while the original information, on which the defendant was given a preliminary hearing and for which he was held to answer to the district court, charged this defendant with larceny from one C. L. Puckett.

Defendant further says that on the 5th day of November, 1919, late in the afternoon, he entered his plea to the amended information and thereupon defendant's case was assigned for trial on November 7, at 9 o'clock a. m., giving this defendant only one day to prepare for trial to meet the new issue raised by the amended information; that the alleged larceny is charged to have occurred in a remote part of the county, 15 or 20 miles from the county seat in the neighborhood where defendant lives; that defendant has not had time or opportunity to secure the attendance of witnesses since pleading to the new or amended information.

Affiant further says that the amendment to the information is prejudicial to this defendant; that the information on which the amendment was made has been in possession of the county attorney for several months and since the holding of the preliminary examination; and that this defendant cannot safely proceed to trial at this time, on account of surprise and lack of time to meet the new issue.

On hearing of the motion and application for a continuance the following occurred:

"The Court: The court is of the opinion that probably the county attorney was a little dilatory in making this amendment in the information, inasmuch as the statement has been made here at least that he was in possession of this knowledge for some several months; nevertheless he did come into this court on the first day of this term on last Monday, and asked this amendment, and the case was set for Tuesday.

"Mr. Sams: I think not. I may be mistaken, but I would like to challenge the record on it.

"The Court: Even if the amendment were made on Tuesday, the case at that time was reassigned for to-day Friday week, and the defendant now claims surprise, and the court is of the opinion that he couldn't claim surprise in this matter in good faith, unless it could be shown and was shown that he had subpoenaed additional witnesses and those witnesses had failed to put in their appearance. No showing has been made here that he has failed to secure additional evidence or witnesses that would be necessary after the amendment was made.

"Mr. Sams: My argument is based on the theory that the case could not be assigned until after the plea properly, which was on Wednesday afternoon, about the middle of the afternoon, or towards evening.

"The Court: The motion will be overruled and denied.

"Mr. Sams: Now, there is one other question that I want to suggest; the defendant's witnesses, he thinks are on the car. The witness Webber appeared this morning, and he had another witness, Sterling Anderson, that he sent him after, and he thinks they are on his car, and of course, we can go ahead if that car—I understand they are having trouble with the power.

"The Court: They are running now. It will probably be here by that time. Do you know that they are on that car?

"Mr. Sams: No, sir; he doesn't know they are on that car. He told me this morning he would send his wife after the other witness, but Sam Webber, his other witness, volun-

teered to go, and we might possibly ask for a little delay in case they didn't get here.

"The Court: Have these witnesses been subpoenaed?

"Mr. Sams: Sam Webber has, but I don't know whether the other witness has or not.

"The Court: If they are witnesses that have been subpoenaed and are not here, I will give you an attachment for them. Call the jury."

Thereupon a jury was selected to try said cause; the witnesses for the state and for the defendant were sworn and testified in open court; the cause was submitted to the jury, and the jury returned a verdict of guilty as charged in the information, but failed to agree on the punishment; and the court thereafter, after overruling a motion for a new trial, sentenced the defendant to a term of four years' imprisonment in the state penitentiary.

From the judgment and sentence the defendant has appealed to this court, and as the only grounds for a reversal relies upon the alleged errors of the trial court in permitting the county attorney to amend the information and in overruling the defendant's motion to quash the information as amended.

Walter S. Keith, Harold McGugin, and E. E. Sams, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

MATSON, J. (after stating the facts as above). Section 5695, Revised Laws 1910, is as follows:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where

the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

Section 17 of article 2 of the Constitution of Oklahoma provides:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information.

"No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination.

"Prosecutions may be instituted in courts not of record upon a duly verified complaint."

Section 5695, supra, is a statute carried forward from the territorial Code. Prior to statehood there was no authority to prosecute a felony by information. All such prosecutions at that time had to be by indictment.

Since the adoption of the Constitution as authorized by section 17, article 2, supra, prosecutions for felony may now be had by information provided the defendant has been accorded a preliminary examination before some examining magistrate, or has waived such preliminary examination. It is clear, therefore, that as to prosecutions for felony by information no amendment to the information in the trial court would be permissible, either before or after plea, which had the effect of charging an offense for which no preliminary examination had been given or waived by the defendant.

In the case of Williams et al. v. State, 6 Okla. Cr. 373, 118 Pac. 1006, it is held:

"Under the constitutional provision the precedent fact that a preliminary examination has been had or waived con-

stitutes the jurisdictional basis for a prosecution on information in the district court. It is the fact that there was a preliminary examination, or a waiver thereof, and a judicial determination thereon by the examining magistrate that a felony has been committed, and that there is probable cause to believe that the defendant is guilty thereof, that confers jurisdiction on the district court and authorizes the county attorney to file an information in said court charging the crime committed according to the facts in evidence on such examination; or for the offense charged in the preliminary information when such examination has been waived by the defendant.''

In connection with the holding of this court in the Williams Case, supra, it is essential, in applying the law to the questions involved in this appeal, that consideration be given to sections 5673, Revised Laws 1910, 5680, Revised Laws 1910, and 5692, Revised Laws 1910, which, in the order named, are as follows:

''At the examination the magistrate must, in the first place, read to the defendant the complaint on file before him. He must also, after the commencement of the prosecution, issue subpoenas for any witnesses required by the prosecutor or the defendant.''

''If, however, it appear from the examination that any public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must in like manner indorse on the complaint an order signed by him to the following effect: It appearing to me that the offense named in the within complaint mentioned (or any other offense, according to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within-named A. B. guilty thereof, I order that he be held to answer the same.''

''When a magistrate has discharged a defendant, or has held him to answer, he must return immediately to the clerk of the district court of the county, the warrant, if any, the complaint, the depositions, if any have been taken, of all the wit-

nesses examined before him, the statement of the defendant, if he have made one, and all undertakings of bail or for the appearance of witnesses, taken by him, together with a certified record of the proceedings as they appear on his docket.''

Also to the first subdivision of chapter 68, Session Laws 1913, p. 106:

''The witnesses must be examined in the presence of the defendant, and may be cross-examined by him. On the request of the county attorney, or the defendant, all the testimony must be reduced to writing in the form of questions and answers and signed by the witnesses, or the same may be taken in shorthand and transcribed without signing, and in both cases filed with the clerk of the district court, by the examining magistrate. * * * In no case shall the county be liable for the expense in reducing such testimony to writing, unless ordered by the county attorney.''

From the foregoing provisions it appears that in conducting preliminary examinations the magistrate is required to issue subpoenas for the witnesses for the state and for the defendant, and, when requested either by the county attorney or the defendant, the testimony of such witnesses must be either reduced to writing in the form of questions and answers or taken in shorthand and transcribed and thereafter filed with the clerk of the district court by the examining magistrate. Also, where the defendant is held to answer, the magistrate should indorse on the information or complaint an order signed by him either ''that the offense named in the within complaint mentioned, or any other offense, according to the, fact, stating the nature thereof, has been committed, and that there is sufficient cause to believe the defendant guilty thereof,'' and also an order ''that he be held to answer the same.'' And, further, the magistrate must return immediately to the clerk of the district court of the county ''the complaint, the warrant, the depositions, if any have been taken, of all the witnesses examined,

the statement of the defendant, if one has been made, all undertakings of bail, and a certified record of the proceedings as they appear on his docket."

The foregoing files in the office of the clerk of the district court are the indicia of the jurisdiction of the district court to permit the trial of the defendant by information subsequently filed in said court by the duly authorized county attorney. Without the defendant having been accorded a preliminary examination, or without his having waived the same, the district court would have no jurisdiction to try the defendant upon an information charging a felony.

In the Williams Case, supra, this court, in effect, held that, after a judicial determination by an examining magistrate that a felony has been committed, and that there is probable cause to believe that the defendant is guilty thereof, jurisdiction is conferred on the district court such as to authorize the county attorney to file an information in said court charging the crime committed, either according to the facts in evidence on such examination (that is, where evidence is taken at the examination), or, if no evidence is taken, then for the offense charged before the examining magistrate.

In this case the record discloses that there was no waiver of a preliminary examination by the defendant, but that both witnesses for the state and for the defendant testified before the examining magistrate.

It does not appear from the record, however, that any request was made that this testimony be reduced to writing or taken in shorthand and transcribed, and for that reason there is no showing that any transcript of the testimony of the witnesses, as given in the preliminary examination, was filed with the other papers with the clerk of the district court. If such testimony was reduced to

writing and so filed, the trial court could readily take judicial notice of the fact that the amendment permitted to the original information accorded with the facts in evidence at the preliminary examination. If, on the other hand, no such transcript of the evidence at the preliminary examination was taken and filed with the clerk of the district court, then the burden would be upon the defendant to support his motion to quash the information (on the ground that he had been accorded no preliminary examination), by a showing that the testimony of the witnesses before the examining magistrate disclosed an offense different from that charged in the amended information. There was no attempt on the part of the defendant to support his motion to quash the amended information by any such showing, but he here contends that, in the absence of a transcript of the testimony as taken before the examining magistrate, the court must look alone to the charge as contained in the preliminary complaint or information. That is not the holding of this court, but in the Williams Case this court held specifically to the contrary, and said that—

"Where the preliminary examination was not waived the county attorney is authorized to file an information charging the crime committed according to the facts" in evidence on such examination.

Construing the foregoing constitutional provision and statutes in pari materia, the conclusion is reached that in this case the county attorney was authorized to charge the offense in the district court "according to the facts in evidence on the preliminary examination"; that, if the original information filed by him did not charge such offense "according to such facts," he was authorized, with leave of the court, to amend such information to conform to such facts, even after plea had been entered to the original information; that such an amendment was permissible, even though the offense as charged in

the amended information differed materially from that charged in the preliminary information, in view of the fact that in this case the defendant did not waive his preliminary examination; that the burden was upon the defendant, where evidence had been taken at the preliminary examination and no transcript of it filed with the clerk of the district court, to make an affirmative showing that the facts charged in the amended information did not support the crime as found to have been committed from the evidence adduced at the preliminary hearing.

The foregoing excerpts of the record disclose that the defendant failed to meet the burden resting upon him. There were circumstances under which the amendment was permissible, and the presumption must obtain that those circumstances existed until the contrary was made to appear on the hearing of the motion to quash the amended information. Such showing is not conclusive merely because the preliminary information alleged the ownership of the property to be in a person with a different name than that alleged in the amended information.

Another reason appears. It is evident from the pleadings that the allegations of ownership of the stolen property in the preliminary information and in the amended information in the district court were not materially variant. It is a well-established legal principle that the actual condition of the legal title of the property alleged to have been stolen is immaterial to the thief; so far as he is concerned, one may be taken as the owner who is in peaceable possession of the property and whose possession was unlawfully disturbed by the taking. The possessor of the goods from whom the thief took them may therefore properly be described as the owner of the property in the indictment or information.

The preliminary information charged both the ownership and the possession of the stolen property to be in one C. L. Puckett. In addition to such allegations, and as further identifying the crime, there was also an allegation that the property was stolen from the lease of C. L. Puckett in Nowata county. The allegation of ownership therefore was not the only means that defendant had of identifying the offense from a perusal of the preliminary information. He was informed, in addition to ownership, that he was charged with stealing oats in the actual possession of C. L. Puckett, and from the lease of C. L. Puckett in Nowata county. Under such circumstances, we believe the amendment as permitted to the original information did not materially change the crime, for the reason that under the original information as filed in the district court it would have been permissible to show that Frank Farbro was the actual owner of the property, provided the additional showing was made, as it was in this case, that the property stolen, at the time of its taking, was in the actual possession of C. L. Puckett and was taken from his leasehold in Nowata county, Okla. 25 Cyc. p. 89.

The evidence in this case on the part of the state clearly establishes the guilt of the defendant, and discloses that in the commission of the larceny as charged he also committed the graver offense of burglary. The punishment imposed is merited by the evidence.

For reasons stated, it is held that there was no error in permitting the information to be amended in the form and manner in which it was amended in this case, and that the motion to quash the amended information was properly overruled.

The judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.