EVERETT LOWERY et al. v. STATE.

No. A-8387.   Sept. 16, 1932.
(14 Pac. [2d] 422.)

A. C. Brewster, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiffs in error, hereinafter called defendants, were convicted in the district court of Mayes county of the crime of grand larceny, and their punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The evidence of the state is that the prosecuting witness and his wife attended a public sale in Mayes county, taking with them a Navajo blanket; that this blanket was stolen out of their car; that defendants, who attended the sale, were seen running away from the place where the prosecuting witness' car was parked, and that defendant Lowery had a package with red coloring in it, which looked like the blanket, under his arm; that defendants pawned this blanket for $8 shortly after the robbery.

Defendants admit they were attending the fair, but deny that they stole or pawned the blanket.

The evidence of the state was sufficient to support the verdict of the jury.

It is next contended that the judgment should be reversed because of a fatal variance between the allegation and the proof of ownership.

The information alleged the ownership of the blanket to be in N. A. Hughes, while the evidence disclosed that Mrs. N. A. Hughes was the real owner; that this blanket had been in the joint possession of the parties ever since they were married and was taken by N. A. Hughes in his car to the place where the larceny was commited.

This court has held this proof of ownership sufficient.

The allegation of ownership of stolen property is supported by proof of any legal interest or special ownership less than absolute title. Little v. State, 21 Okla. Cr. 1, 204 Pac. 305; Leyerle v. State, 31 Okla. Cr. 179, 237 Pac. 871; Thomas v. State, 34 Okla. Cr. 63, 244 Pac. 1116.

It is also contended that the court permitted incompetent evidence to be introduced as to the market value of the stolen property.

Witnesses for the state testified that the value of the blanket was $25. This was sufficient to make the offense grand larceny.

Finally, defendants contend that the trial court erred in overruling their motion for a new trial because of the alleged disqualification of Jake Gage, one of the jurors.

Defendants attempted to show that this juror was disqualified by the affidavit of one Monroe Harrington. The record does not contain the voir dire examination of the jurors, nor does it disclose who the jurors were that served in the case. All the matters covered in the Harrington affidavit could have been produced at the voir dire examination. There is not enough in the record upon which to predicate error.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.