## PRUITT v. STATE.

No. A-11419. Oct. 17, 1951.

Rehearing Denied Oct. 30, 1951.

(236 P. 2d 702.)

388

H. A. Stanley and Shilling & Shilling, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Ass't. Atty. Gen., for defendant in error.

JONES, J. The defendant, Clifton Pruitt, was charged by an information filed in the district court of Carter county with the crime of larceny of a two year old red white faced cow; was tried; convicted; and sentenced to serve three years imprisonment in the penitentiary; and has appealed.

The evidence of guilt was overwhelming. A widow, Mrs. Essie Manton, and her son, Francis Manton, lived on a farm in Carter county. On June 22, 1948, a two year old red cow with a white face was stolen from their pasture. Three days later it was recovered from the possession of one Clarence Bivens who lived near the town of Walters in Cotton county.

Bivens testified that he purchased the cow on Wednesday at the sales barn in Walters. Haskell Jones, night watchman for the city of Walters, testified that on the night of June 22, 1948, he was the night watchman for the city of Walters and was on duty that night; that about 3 o'clock in the morning he saw a pickup drive into the sales barn and switch out some dim lights; that in a few minutes the pickup left the sales barn and drove out towards the cemetery; that he became suspicious and aroused the sheriff and he and the sheriff drove out toward the cemetery and found the pickup parked about two hundred yards south of the cemetery on a country road. The defendant was alone in the pickup. The sheriff asked defendant his name and the defendant said his name was Benton, and further said that he had raised the cow from a calf; that the cow had had a calf and the calf had been killed by being kicked by a mule and therefore he was going to sell the cow. The sheriff asked about his driver's license and when defendant produced it he told the sheriff that his name was Clifton Pruitt and that he couldn't find the sales barn. The sheriff then took him back to the sales barn and helped him unload the cow.

Boyd Vantine, sheriff of Cotton county, testified to substantially the same facts as related by the night watchman. The sheriff further testified that he attended the sale, and saw this cow when she went through the sale ring, and saw her sell; that the next morning he received information that a cow had been stolen, and the sheriff of Carter county and Francis Manton came to Walters, and the witness went with them out to the Bivens farm where the Manton cow was located; that the last time he saw the cow was when Francis Manton came back through Walters the next day with the cow in his pickup, which was the same cow which he saw in defendant's truck near the cemetery. Defendant did not take the witness stand and offered no evidence in his behalf. The proof of the state was conclusive of defendant's guilt of the theft.

It is contended that the court erred in permitting the information to be amended without directing the charge to be refiled in the Justice of the Peace Court so that the accused could have a preliminary hearing on the amended charge. The proof showed that the original information filed against the accused charged him with the theft of a "two year old red white faced heifer, the personal property of one Mrs. Essie Manton." The defendant was tried on that information and convicted by the jury, who assessed the punishment in their verdict at seven years imprisonment in the state penitentiary. Later, and before sentence was pronounced, the defendant filed a motion for new trial upon the ground that the proof showed that the heifer was the personal property of Mrs. Manton and her son, Francis Manton, and therefore there was a variance between the allegations of the information and the proof. The court sustained the motion on this ground and permitted the county attorney to file an amended information in which he charged that the two year old red white faced cow which was stolen was the personal property of Mrs. Essie Manton and Francis Manton. When the accused was arraigned upon the amended information he filed a motion to quash such amended information on the ground that he had not had nor waived a preliminary examination as to the charge contained in the amended information. It was shown that the complaint filed before the committing magistrate, and upon which complaint a preliminary examination was waived by the defendant, contained the identical charge as was set forth in the original information, and it was the contention of the accused that the amended information charged a substantially different offense from the one charged in the preliminary complaint.

It has been held that an information may be amended in matters of either form or substance where it can be done without prejudice to the substantial rights of the accused, and that no amendment shall cause any delay in the trial unless for good cause shown by affidavit. Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258; Butler v. State, 78 Okla. Cr. 133, 145 P. 2d 215; Little v. State, 21 Okla. Cr. 1, 204 P. 305, 310.

In Little v. State the accused was charged wtih committing the crime of grand larceny and the original complaint charged the theft of property belonging to C. L. Puckett. An amended information was later filed alleging the property to be in the possession of C. L. Puckett but belonging to Frank Farbro. In the body of the opinion it is stated:

"It is evident from the pleadings that the allegations of ownership of the stolen property in the preliminary information and in the amended information in the district court were not materially variant. It is a well-established legal principle that the actual condition of the legal title of the property alleged to have been stolen is immaterial to the thief; so far as he is concerned, one may be taken as the owner who is in peaceable possession of the property and whose possession was unlawfully disturbed by the taking. The possessor of the goods from whom the thief took them may therefore properly be described as the owner of the property in the indictment or information."

In Butler v. State, supra, this court sustained an amended information which changed the name of the party from whom the yearling was stolen from W. R. Hewett to L. M. Mackey.

In Lowery et al. v. State, 54 Okla. Cr. 80, 14 P. 2d 422, this court held:

"The allegation of ownership of stolen property is supported by proof of any legal interest or special ownership less than absolute title."

In that case the information charged the larceny of a blanket, the property of N. A. Hughes, while the evidence disclosed that Mrs. N. A. Hughes was the real owner but that the blanket had been in their joint possession for years. The court held there was no material variance.

We think the court might well have overruled the motion for new trial which was filed after the first conviction as the proof that the heifer was jointly owned and possessed by Mrs. Manton and her son was not a material variance from the allegation contained in the information. When the amended information was filed there was no showing that the accused was surprised or that he was in any way prejudiced by the filing of this amended information. The accused was overwhelmingly guilty of the crime charged against him- and of course was exceedingly fortunate that he received the minimum sentence.

Contention is made that the court erred in overruling defendant's motion for continuance and in refusing to sustain his challenges for cause to certain named jurors.

The basis for the motion for continuance was that the daily paper published in Ardmore had listed the names of the cases to be tried during the term of court and mentioned in the article that the defendant Pruitt had been formerly tried and given seven years but was granted a new trial. Some of the jurors who were accepted on the jury panel stated that they had read this article but each of them affirmatively stated that they had not formed any opinion as to the guilt or innocence of the accused and knew of no reason why if selected as a juror he could not render a fair and impartial verdict.

The statute itself, 22 O. S. 1941 § 662, is conclusive as to this issue, wherein it is provided: "no person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury, founded upon rumor, statements in public journals, or common notoriety, provided it appears to the court, upon his declaration, under oath or otherwise, that he can and will, notwithstanding such opinion, act impartially and fairly upon the matters to be submitted to him." There are many decisions of the court interpreting this statute and being adverse to the contention of the accused. Turner v. State, 4 Okla. Cr. 164, 111 P. 988; Murphy v. State, 72 Okla. Cr. 1, 112 P. 2d 438.

The next assignment of error is directed at the testimony of the witness Boyd Vantine, sheriff of Cotton county. The evidence complained of is the statement of the sheriff that he checked the records at the sales barn and found that the defendant had listed the cow for sale. Counsel for the accused objected to this statement on the grounds that it was hearsay. The court did not make any specific ruling when the objection was made but advised the witness that the matter which he stated was not within his knowledge and that the only thing that he should tell is what he personally saw Mr. Pruitt, the defendant, do. No exception was taken to the ruling of the court. The sheriff further testified that Mr. Bivens told him he bought the cow at the community sale. However, this answer was brought out by counsel for the defendant on cross-examination. This testimony of the witness was hearsay. However, the same evidence was proved by other witnesses. There was abundant other evidence besides the hearsay testimony that defendant listed the cow for sale and that Bivens purchased the cow at the sale, and this hearsay evidence, although inadmissible but cumulative, apparently did not have any effect upon the outcome of the case. The fact that the jury only gave the accused the minimum sentence when all of the proof showed his guilt, and there was no contradictory evidence, is a sufficient answer to the contention that the jury was prejudiced against the accused because of the newspaper article which was printed or because of the admission of certain hearsay evidence by the sheriff.

It is lastly contended that the verdict of the jury was improper and indefinite as to the punishment. The verdict reads:

"We, the Jury drawn, empaneled and sworn in the above entitled cause, do, upon our oath find .the defendant, Clifton Pruitt, guilty of the crime of Larceny

of Livestock Guilty as charged in the Information herein and assess his punishment at the minimum Sentence."

No exception was taken to the form of the verdict at the time it was received. The statute upon which the prosecution was based fixes punishment upon conviction at a minimum sentence of three years with a maximum of ten years. 21 O. S. 1941 § 1716. The court properly submitted the punishment to be fixed upon a verdict of guilty within the limitations named in the statute. There was nothing indefinite or uncertain about the amount of punishment desired to be inflicted by this jury. Following the reception of the verdict the jury was polled at the request of counsel for the defendant and at that time the court stated, "All right gentlemen the verdict of gulity as charged, fixing the punshment at the minimum, which is three years, that is your intention." "By the Jury: That is right."

In Smith v. State, 83 Okla. Cr. 392, 177 P. 2d 523, this court held:

"Where verdict is irregular in form but is not objected to at time it is returned, and court given opportunity to have jury correct it, every intendment will be indulged to uphold it, and, where from examination of verdict and entire record intent of jury as expressed in verdict may be clearly ascertained, it will be upheld."

See, also, Bowlegs v. State, 9 Okla. Cr. 69, 130 P. 824; Coleman v. State, 16 Okla. Cr. 579, 194 P. 282; Bayne v. State, 72 Okla. Cr. 52, 112 P. 2d 1113.

Judgment and sentence of the district court of Carter county is affirmed.

BRETT, P. J., and POWELL, J., concur.