Charles SPENCER, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12031.

Criminal Court of Appeals of Oklahoma.

Oct. 6, 1954.

330

Sam W. Moore, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant, Charles Spencer, was jointly charged with James Lavon Burns and Garrett Burns, Jr., in the District Court of Lincoln County with the crime of burglary in the second degree. Garrett Burns, Jr., entered a plea of guilty and was sentenced to serve a term of 7 years in the penitentiary but the sentence was suspended under the terms of the statute. 22 O.S. 1951 §§ 991 and 992. James Lavon Burns failed to appear at the time set for his arraignment and his bond was forfeited. The defendant, Spencer, was tried, found guilty by verdict of the jury which failed to fix the punishment. On a separate sheet of paper the jury recommended a suspended sentence. Thereafter the trial court overruled a motion for new trial and sentenced Spencer to serve the maximum term of 7 years imprisonment in the penitentiary and he has appealed.

Two contentions are presented by the appeal. First, the verdict is irregular and not in sufficient form to justify the court in pronouncing judgment and sentence. Second, the judgment and sentence was excessive and constituted the assessment of cruel punishment.

The defendant did not testify and offered no testimony in his behalf. The proof of the State showed that defendant was 18 years of age, Garrett Burns, Jr., 17 years old and James Lavon Burns was much older, he being a married man and the father of one child. The Burns brothers entered the farmhouse of Charlie Peace, 5 miles south of Chandler between the hours of 7:00 and 8:00 P.M. on July 2, 1953, and took various articles of merchandise from the home. The defendant sat in the automobile as a lookout while the other two entered the house and brought out the personal property. About the time of the burglary some neighbors of Mr. and Mrs. Peace saw a green DeSoto automobile with an Oklahoma County tag on it near the Peace home and from its suspicious nature, they wrote down the license tag number. Mr. and Mrs. Peace had left their home about 7:00 P.M. to see about some cattle and when they returned about 8:00 P.M., they found their house had been entered. The neighbors gave them the tag number of the automobile and a description of the parties who were in it and the defendant and his alleged accomplices were apprehended near Oklahoma City by highway patrolmen shortly after the burglary had been committed. They had the stolen property in their possession at the time of the arrest. Each of the accused confessed his part in the burglary. Garrett Burns, Jr., testified for the State.

The verdict as returned by the jury provides:

"We, the Jury, duly empaneled and sworn to try the above cause, do, upon our oaths, find the Defendant Charles Spencer is guilty as charged in the information of

Second Degree Burglary

and fix his punishment at imprisonment in the penitentiary for a period of ———."

(Attached to Verdict)

"We the jurors recommend that a Suspended Sentence be given Charles Spencer."

By statute it is provided:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly." 22 O.S.1951 § 927.

In construing this statute, this court has held that where a verdict of conviction has

been returned by the jury but the punishment to be assessed is not set forth in the verdict, it is the duty of the court to assess and declare the punishment. Blair v. State, 4 Okl.Cr. 359, 111 P. 1003; Felice v. State, 18 Okl.Cr. 313, 194 P. 251; Bayless v. State, 9 Okl.Cr. 27, 130 P. 520.

 If counsel for the accused had thought that the verdict was irregular or not in proper form, he should have objected to its sufficiency at the time it was returned into court so as to give the trial court an opportunity to have the verdict corrected before the jury was discharged. Smith v. State, 83 Okl.Cr. 392, 177 P.2d 523; Wilson v. State, 94 Okl.Cr. 189, 237 P.2d 177.

In Holman v. State, Okl.Cr., 262 P.2d 456, 458, this court held:

"Where the jury returns a verdict of guilty and endorses on the verdict, 'We recommend a suspended sentence,' such recommendation is not a part of the verdict, and is a matter addressed to the sound judicial discretion of the trial judge as to whether he should follow the recommendation of the jury."

The contention that the punishment assessed was excessive seems to be meritorious. The jurors who heard the facts, the county attorney who knew the background of the accused and the victim of the burglary all recommended a suspended sentence. The record does not disclose any former convictions of the accused. Of course since he did not testify, the State would have had no opportunity of disclosing a prior bad record. However, where the jury leaves the punishment to be assessed by the court, the trial court may hear evidence in aggravation or mitigation of punishment. Herren v. State, 74 Okl. Cr. 432, 127 P.2d 384. If there had been other convictions against the accused or other circumstances which might have had a bearing upon the sentence to be pronounced, the court at the time of the pronouncement of the sentence should have included them in the record. Under the facts before us, we do not find the record would support the imposition of the maximum sentence provided by law. It is therefore ordered that the judgment and sentence of the District Court of Lincoln County be reduced from 7 years in the penitentiary to a term of 3 years imprisonment in the penitentiary and the judgment and sentence as thus modified is affirmed.

POWELL, P. J., and BRETT, J., concur.