**Application of Don GANT, for writ of habeas corpus, Petitioner,**

**v.**

**'Robert R. RAINES, Warden, Oklahoma State Penitentiary, Respondent.**

**Don GANT, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**Nos. A‑13137, A‑13223.**

‑Court of Criminal Appeals of Oklahoma.

Oct. 31, 1962.

Rehearing Denied Jan. 9, 1963.

Fred L. Patrick, Sapulpa, Dick Jones and Charles R. Jones, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

On the 30th day of October, 1961, Don Gant, hereinafter referred to as defendant, filed an application for Habeas Corpus in Court of Criminal Appeals Docket No. A–13,137. Thereafter, on the 12th day of June, 1962, he perfected an appeal from the judgment and sentence rendered against him in the District Court of Creek County, assessing his punishment at a term of 15 years in the State Penitentiary at McAlester, Oklahoma, for the Crime of Rape in the First Degree.

Since the issue forming the foundation for the defendant's application for a Writ of Habeas Corpus is urged as one of the grounds for reversal, Court of Criminal Appeals Cases Nos. A–13,137 and A–13,223 are consolidated in this opinion.

Briefly it appears from evidence introduced at the trial, that on the evening of July 23, 1961, the defendant and the complaining witness, Shirley Green accompanied by another couple left a tavern in Keifer, where Miss Green was employed, after the establishment was closed, around midnight, and drove to Tulsa, Oklahoma.

After visiting several night spots in Tulsa, the defendant drove the other couple home, and then proceeded to park on a country road with Miss Green.

Miss Green testified that the defendant forced her into the back seat of his car, and there sexually molested her. That after attacking her, he had driven her back to her car and let her out around 5:30 A. M.; and that from a near by phone booth she had called her mother. She was taken to a local hospital where the family doctor examined her and found that she had had sexual relations.

Defendant testified that after leaving the other couple, Miss Green had insisted on taking a ride, then parking, and after he had parked the car, had climbed into the back seat and disrobed. He further testified that she had asked him to join her there; he had refused and after thirty minutes of "wiggling", she had climbed back into the front seat and he had driven her to her car. Thereupon, he returned home, where he was arrested around ten the next morning.

■ There are four assignments of error, three of which will not be considered in this opinion for they were not objected to in the trial court; properly preserved in the record or urged by defendant in his Motion for New Trial, and, they are not of such a fundamental nature as to require reversal. This Court has repeatedly held:

"Errors to which no exceptions were taken will not be considered on appeal unless they are jurisdictional or fundamental in character." Williams v. State, Okl.Cr., 373 P.2d 85.

It is the defendant's fourth contention on appeal, and his primary contention in the application for habeas corpus, that the verdict of the jury rendered in District Court Case #4969–C "was indefinite, uncertain and insufficient to confer jurisdiction on the court to pronounce the judgment which was pronounced or any judgments."

The verdict complained of was returned by the jury in the following form: (C.M. 145)

"We, the jury, empaneled and sworn in the above cause do upon our oaths, find the defendant guilty—We recommend the minimum sentence with leniency."

It should here be observed that when the verdict was returned by the jury, it was examined by Fred Patrick, counsel for defendant, and no objection was interposed to the verdict until the jury had been discharged by the court.

■ Under these circumstances, we follow the rule set forth in Hill v. State, Okl. Cr., 266 P.2d 979, wherein this Court stated:

"Where verdict is irregular in form but is not objected to at time it is returned, and court given opportunity to have jury correct it, every intendment will be indulged to uphold it, and where from examination of verdict and entire record intent of jury as expressed in verdict may be clearly ascertained, it will be upheld." See also, Pruitt v. State, 94 Okl.Cr. 387, 236 P.2d 702, Spencer v. State, Okl.Cr., 275 P.2d 329, and, Dunbar v. State, 75 Okl.Cr. 275, 131 P.2d 116, Medley v. State, 81 Okl. Cr. 242, 162 P.2d 881, Bisanar v. State, Okl.Cr., 223 P.2d 795.

■ Don Gant was charged in the District Court of Creek County with the Crime of Rape in the First degree, and, an examination of the instructions reveals that the sole issue presented to the jury was whether or not the defendant was guilty of rape in the First Degree. The court's instructions to the jury defined the essential elements of the Crime of Rape in the First Degree, and further instructed the jury that Rape in the First Degree is punishable by death or by imprisonment in the penitentiary for not less than fifteen years at the discretion of the jury. The jury was also instructed that if they failed

to agree upon the punishment, "then the same shall be pronounced by the court."

From the language, "we recommend the minimum sentence with leniency," it is clear that the jury had reference to the minimum punishment of 15 years, as set forth in the trial court's instruction #5.

The judgment and sentence rendered by the Court on the 23rd day of October, 1961, fixed the defendant's punishment at 15 years in the State Penitentiary and was, in our opinion, in accordance with the verdict of the jury.

We are therefore of the opinion that this assignment of error is without merit, and that the judgment and sentence appealed from should be, and the same is hereby, AFFIRMED, and that defendant's Application for Writ of Habeas Corpus should be, and the same is hereby, Denied.

NIX, P. J., and BRETT, J., concur.

On petition for rehearing

BRETT, Judge (denying petition for rehearing).

On petition for rehearing counsel for defendant reasserts three propositions that he contends we overlooked. In this he is in error. We did not deem it necessary to consider them, for the reason they were not considered by us as controlling in the case. We did not intend to intimate that they were totally without merit, or that counsel had not effectively represented his client. In a close case they could have been decisive, but we are not concerned with what can be termed in our opinion a close case. We shall let that be our major premise, because in his original brief for defendant counsel at the outset thereof states: "We do not raise any question as to the sufficiency of the evidence to sustain the conviction but in order for the court to understand the issues, we shall make a short statement as to the evidence."

The reason for this assertion is made apparent by the fact that on June 6, 1961

only a month before the alleged rape, a general medical examination incident to a rundown condition of the victim in this case disclosed her to be a virgin, and the examination incident to the alleged rape disclosed her hymen had been broken, that she was in an hysterical condition, nervous, crying, and very upset; and later was found to be pregnant. The record discloses a state of facts and circumstances that point the irretractable finger of guilt in the defendant's direction, which made his conviction inescapable.

■ Counsel asserts as one ground for his petition for rehearing that this is a close case. We cannot find any logical basis for this contention from the standpoint of determination of guilt, even though, as asserted, the jury did twice report it was hopelessly deadlocked, which proved to be untrue. We believe that in face of this record the jury must have been deadlocked on the question of punishment, and not on the question of guilt, for as conceded by the defendant himself, the evidence of guilt is sufficient.

■ Defendant contends that he was almost without representation of counsel. If this be true, it was only because the preposterous, nonsensical version of the defendant is so completely at odds with the proven facts that any counsel would have been bereft of the use of his attributes as a lawyer. Even the late Clarence Darrow would have been completely disarmed by the idiocy of the defendant's delineation surrounding the circumstances preceding the rape. Counsel at the trial was compelled by the ethics of the profession to accept defendant's statement of the facts. Thus defendant's trial counsel was as disarmed as a one-armed bulldogger plying his skill on a dehorned bull. There was no place for counsel, either at the trial or herein, to get a hold on the situation of defense. This court has known both present defense counsel, and trial counsel Mr. Fred L. Patrick, for a long time as able, reputable and dependable lawyers. We are of the opinion,

based on observation that the strategy to be employed in the trial of a case varies greatly among the most capable members of the profession. Both trial and appellate counsel have done the best they could under the conditions. Their hands were tied by the defense suggested by the defendant, in our opinion unworthy of belief in face of the prosecutrix conduct, her immediate complaint and her straight forward delineation of the facts surrounding her tragedy. These facts combined with defendant's attempted assault on the victim's character, foredoomed his case to failure. He not only despoiled her proven virginity, but then falsely sought to besmirch her in the eyes of the jury. We are aware that appellant counsel would have approached the defense differently, but we cannot say it would have proven more effective than that employed. In fact, we are appalled that the members of the jury fixed the punishment at only the minimum sentence and were persuaded to request leniency in the case. We are of the opinion that the defendant was indeed fortunate to have gotten off with the minimum punishment.

■ That brings us to another point urged by the defendant, that he was grossly prejudiced by the injection of evidence of another episode in a nearby area on a prior occasion with another girl. The inquiry surrounding this escapade was invited by the defendant in making inquiry as to how long he had been in jail. The facts surrounding this inquiry were readily admitted by the defendant. The inquiry regarding this situation was improper, but even though improper, in our opinion was of proven benefit to the defendant. It was beneficial to the defendant for this reason. The admission made by him of this former escapade is one of the few parts of his testimony that gave any credence whatsoever to his most unbelievable defense. In any event, if error, it falls within the provisions of 22 O.S.1961 § 1068, as harmless error.

■ We have carefully examined the remarks of the trial court as to the charge that the trial judge's remarks when the jury reported they were deadlocked 10 to 2, influenced the jury after a manner of coercion. With this contention we cannot agree. We are in complete agreement with the attorney general's pronouncements as to this matter, as follows:

"The two cases cited by the defendant on this proposition are not in point. The trial court in his discussion with the jury at no time indicated his opinion relative to the guilt or innocence of the defendant. Neither did he express his opinion concerning the evidence as to character or credibility of the witnesses.

"We do not feel that any remarks the court made to the jury during its deliberations constituted prejudicial error to the defendant."

■ On the contention that the closing argument of the county attorney, in which he referred to the defendant as a "human animal" was prejudicial, we agree that it was improper, but this court has held that unless such argument, in view of the entire record, affected defendant's substantial rights, or caused bias or prejudice against him in the minds of the jury, the conviction will not be reversed for that reason. In face of this record, the jury's verdict indicates no bias or prejudice. The evidence of guilt was so clear and convincing that if no argument had been made on either side the result would have been the same. Walker v. State, 91 Okl.Cr. 1, 214 P.2d 961.

The jury imposed the minimum penalty when the record, in our opinion, would have supported a much more severe penalty. Hence, we cannot say; that the defendant was prejudiced by reason of the closing argument of the county attorney.

■ In Workman v. State, 83 Okl.Cr. 245, 175 P.2d 381, this court pronounced the rule which applies to this situation:

"A conviction will not be reversed because of argument of county attorney

to jury, unless such argument, in view of entire record, affected defendant's substantial rights, or caused bias or prejudice against him in the minds of the jurors."

In conclusion, counsel on appeal has ably represented his client but in face of the facts of defendant's clear and conclusive guilt, and the demands of justice, he has urged only what we believe to be harmless errors, and has not established a case of denial of due process.

The petition for rehearing is accordingly denied.