George Robert WESSON, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–160.

Court of Criminal Appeals of Oklahoma.

April 13, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Appellant, George Robert Wesson, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–1050 for the offense of Unauthorized Use of Motor Vehicle, After Former Conviction of Felony, in violation of 47 O.S. 1971, § 4–102. The jury fixed his punishment at three (3) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Jo Barnett first testified for the State that on March 15, 1975, she was the owner of a white 1965 Pontiac Tempest, bearing license tag XM–8722. At approximately 1:45 p. m. that afternoon, she discovered the vehicle to be missing from the parking lot in the apartment complex where she resided, and had then last seen the car at about 1:00 a. m. the previous night. She had not granted defendant or anyone else permission to remove the vehicle and immediately reported the car stolen. The Midwest City Police Department recovered the car about one week later, and upon regaining possession of the vehicle she observed that license tag XT–8772 had been substituted for her own. In cleaning the car she found her license tag under the back seat, and an ignition key and trunk key to the vehicle were also discovered in the car but did not belong to her. She had previously become acquainted with defendant in January but had not seen him for about one month prior to the theft of her car. Cross-examination revealed that defendant had assisted her in moving when she had last seen him in February, and she then agreed to loan defendant the car that morning. However, when defendant failed to return the car later that morning, she notified the police department but immediate action was declined since she had loaned the use of the car. When defendant then called that afternoon, she told him to park the car at her apartment complex and leave the keys on the floorboard. The vehicle was left at her apartment as she had directed, and she did not then see defendant again until the trial.

Officer Mike Green, of the Midwest City Police Department, then testified that at about 3:00 a. m. on March 21, 1975, he was dispatched to investigate a report by two Nicoma Park police officers that a vehicle was being driven in an erratic manner. As he approached the location to which he had been dispatched, he observed the Nicoma Park police officers leave their patrol car and begin to approach a white Pontiac Tempest which was stopped in the roadway and occupied by defendant alone. Defendant then executed an improper right turn and drove into a parking area where he was arrested. The license tag upon the vehicle operated by defendant was XT–8772 and was determined to have been stolen. The car itself was then ascertained to have been stolen, utilizing the serial number from the vehicle. The car was then impounded and defendant was taken to the Midwest City Police Department.

The State then rested insofar as the principal charge is concerned, and defendant presnted no evidence in his behalf. The supplemental information alleged a

prior conviction for Obtaining Money or Merchandise by Means of a False and Bogus Check, and the necessity of introducing proof in support thereof was dispensed with by stipulation in the second stage of the bifurcated trial proceedings.

■ In the first of his three assignments of error, defendant questions that regularity of the proceedings before the trial court upon rendition of the verdict of the jury. The record indicates that in the second stage of the trial proceedings the court only submitted a verdict form enabling the jury to find defendant guilty as a first offender, and the jury returned that verdict assessing his punishment at three (3) years' imprisonment. The error was called to the attention of the trial court immediately after the verdict was returned in open court, and the trial court then advised the jury as follows: that the verdict form should have been worded so as to enable them to find defendant guilty of Unauthorized Use of Motor Vehicle, After Former Conviction of Felony; that as stated in the instructions defendant stipulated that he had previously been convicted as alleged in the supplemental information; that the only issue that had remained for their decision was the assessment of punishment; and, that Unauthorized Use of Motor Vehicle, After Former Conviction of Felony, is punishable by imprisonment in the State Penitentiary for a term not to exceed ten years. The trial court then polled each individual juror and determined that the understanding of the jury was that they had assessed punishment for Unauthorized Use of Motor Vehicle, After Former Conviction of Felony. At the direction of the trial court, the foreman of the jury then completed a proper verdict form in open court. No objection was interposed to the foregoing proceedings. We have previously held that when in the second stage of such trial proceedings the necessity of introducing proof in support of the supplemental information is dispensed with by stipulation, the only decision remaining for the jury is the assessment of punishment and the trial court need only submit a ver-

dict form enabling the jury to assess punishment upon the defendant as a subsequent offender. See, *Coleman v. State*, Okl.Cr., 540 P.2d 1185 (1975). Further, as set forth in the second paragraph of the Syllabus to *Gant v. Raines*, Okl.Cr., 377 P.2d 603 (1963), we have repeatedly held:

> "Where verdict is irregular in form, but is not objected to at time it is returned, and court given opportunity to have jury correct it, every intendment will be indulged to uphold it, and where from examination of verdict and entire record, intent of jury as expressed in verdict may be clearly ascertained, it will be upheld."

We therefore hold this assignment of error to be without merit.

■ The next assignment of error raises the issue of the sufficiency of the evidence to support the verdict. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Jones v. State*, Okl.Cr., 468 P.2d 805 (1970).

■ The final assignment of error presents the question of whether the sentence is excessive. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of this Court. See, *LaRue v. State*, Okl.Cr., 404 P.2d 73 (1965).

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.