## BARBER v. STATE.

No. A-11434. Sept. 12, 1951.

Rehearing Denied Dec. 12, 1951.

(235 P. 2d 726.)

Kight & Brainard, Claremore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J. Morris Greeley Barber was charged in the county court of Rogers county with the offense of transporting intoxicating liquor; was tried,

convicted, sentenced to serve 60 days in the county jail and pay a fine of $500, and he appeals. Judgment and sentence was pronounced February 13, 1950.

Appeal was lodged in this court on May 20, 1950. Under the rules of the court, a brief was due to be filed within 30 days. Defendant procured several extensions of time, and the case was finally assigned for oral argument on June 20, 1951, at which time the case was submitted, and defendant was again granted 30 days within which to file a brief, although no appearance was made. Defendant has not filed a brief.

Under such circumstances, we have read the complete record, have carefully examined the pleadings, the instructions of the court and the judgment and sentence to see whether there was fundamental error in the proceedings.

The information was sufficient to charge the defendant with the crime of transporting intoxicating liquor.

The defendant filed a motion to suppress the evidence, which was properly overruled, and the case was then tried before a jury.

The state by its evidence established that the defendant and the drivers of three other automobiles were involved in an accident on June 7, 1949. The drivers of two of the other cars testified that they called the highway patrol to the scene of the accident. Defendant's car, a 1948 or 1949 Packard, was damaged, and it developed that he had a civil action for damages pending against the driver of one of the cars and the father of the driver. Two of the parties involved in the accident testified that they told the highway officers, when they arrived, that the defendant had carried several packages from his car over a fence into a field and concealed them in some weeds. The patrolmen there found thirty-nine fifths of whiskey, and some broken bottles. There were wet places in the back of defendant's car, and a strong odor of whiskey, and broken glass on the ground near the car.

Defendant offered no evidence at the trial of the case.

We have examined the instructions given by the court, which included an instruction on circumstantial evidence, and the record does not show that any exceptions were taken to any of the instructions, and no additional instructions were offered by defendant.

In the petition in error, defendant complains of the conduct of the county attorney in the trial of the case. There appears in the case-made an excerpt from the closing argument of the county attorney, but the record does not show that any exceptions were taken thereto by the defendant. This court has repeatedly held that ordinarily error cannot be predicated upon mere unexplained excerpts from remarks of counsel to the jury, and that enough must appear of record to advise the appellate court of what preceded the allegedly objectionable remarks, and their meaning to be deduced from the context, and whether they were invited or provoked by remarks made by opposing counsel. Passmore v. State, 87 Okla. Cr. 391, 198 P. 2d 439; Gates v. State, 90 Okla. Cr. 380, 214 P. 2d 451.

And in Hathcox v. State, 94 Okla. Cr. 110, 230 P. 2d 927, this court held:

"Counsel for defendant must not only object to alleged improper statements of county attorney in argument to jury, but counsel must go further and move court to exclude such remarks from jury and instruct jury not to consider them for any purpose, unless remarks were of such character that error would not be cured by withdrawal of remarks."

Finding no material error, the judgment and sentence of the county court of Rogers county is affirmed.

BRETT, P. J., and JONES, J., concur.