**Miller ADAMS, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A–12854.**

Court of Criminal Appeals of Oklahoma.

March 30, 1960.

Hart & Burger, Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Miller Adams, defendant below, was charged by information in the District Court of Pottawatomie County, Oklahoma, conjointly with Rachel Adams, Dorety Davis, and John Guy, with the crime of attempting to obtain property by trick, deception, false statements, representations and pretenses. 21 O.S.1951 § 1541. A severance was granted and defendant was tried separately, to a jury, convicted, and his punishment assessed at seven years imprisonment in the state penitentiary and a fine of $700. Judgment and sentence were entered accordingly, from which this appeal is taken.

On February 24, 1959, the defendant, while driving an automobile in Shawnee, Oklahoma, accompanied by his wife, Rachel Adams, his sister, Dorety Davis, and a small child, was struck from behind by another automobile driven by John Guy. The women stated they had been injured in the collision, manifested indications of pain therefrom, and were taken to a local hospital. The defendant filed a claim with the insurer of John Guy, the American Indemnity Co., for $3,500, on behalf of himself and his passengers for the alleged injuries. All the occupants of the Adams car stated to the investigating officers they did not know John Guy. Later, the defendant admitted Guy to be his father-in-law. The charge upon which this conviction is based is predicated upon the complaint that the statements made by the allegedly injured parties were false and a fraudulent attempt to obtain money from the insurance carrier.

The evidence offered by the state tends to establish that the defendant is somewhat

more than accident prone. On December 3, 1958, he was peacefully driving his automobile in Shreveport, Louisiana, accompanied by his wife, Rachel, and aunt, Lucy Adams, by a couple calling themselves Bill and Dorothy Davis, and his two children, when his automobile was struck from the rear by one driven by one John Guy. The occupants thereof complained of injuries received therefrom, and were taken to a hospital. The insurer of John Guy applied a $1,500 poultice to their wounds, and they continued on an announced vacation to Florida.

Mr. Adams lost his way in some manner, for on December 16, 1958, while driving in Galveston, Texas, accompanied by his wife Olga Adams, and one Mary Adams Lee, identified as being his passengers in the accident occurring in Shawnee, he was again struck from the rear by an automobile driven by one Bush Marks. At this time they received a $2,500 transfusion, and continued on their way.

On January 19, 1959, Mr. Adams was in the city of Corpus Christi, Texas, when his automobile was again struck from the rear, this time by an automobile driven by one Skippy Guy. Skippy does not appear to be the same person as John Guy. Mr. Adams was accompanied by his wife, then calling herself Marie, and his sister who said her name was Mona Adams. Another $2,500 addition to the parties' bankroll persuaded them to forgo any further claim.

On January 25, 1959, an automobile accident occurred in El Reno, Oklahoma, one automobile being struck from the rear by another driven by one Archie Adams. The driver of the injured automobile was Billy Davis. Accompanying him were his wife, Dorety, alias Millie Davis, the defendant, alias Joe Davis, and Rachel Adams, alias Rachel Davis. The record does not reveal the settlement made, if any.

▪ This brings us to the collision occurring on February 24, 1959, in Shawnee, Oklahoma, from which these charges arose.

The examining physician in Shawnee testified in his opinion the women in the defendant's automobile had suffered no injuries by reason of the fact he could find no objective manifestation or symptom thereof, nor in fact any indication of injury at all except the subjective complaints of the women themselves. It was established that although the defendant and his passengers declared to the investigating officers and the insurance investigator that they did not know John Guy, they were in fact well acquainted, not only by reason of their previous meeting in Shreveport, but because John Guy is the defendant's father-in-law. This evidence of false representations, together with the evidence of the previous accidents, was sufficient to warrant a determination of the same by the jury. Lazar v. State, Okl.Cr., 275 P.2d 1003, dismissed 349 U.S. 902, 75 S.Ct. 581, 99 L.Ed. 1240. The nefarious nature of this false pretense is deserving of the highest condemnation. Such practice reflects itself in the cost of insurance designed to protect persons presenting legitimate claims. It should be met and dealt with decisively wherever it is discovered.

▪ This matter was filed with this court on December 23, 1959, and was submitted for determination on March 2, 1960. No brief was filed on behalf of defendant, and no application for extension of time, sotto do was made. The within judgment and sentence is modified upon the following proposition. The other two principals who plead guilty were fined $500 only and we are of the opinion that though this defendant was the ringleader in this case, there is entirely too much disparity between the fine imposed in this case and the penalty imposed in the other case. Accordingly, we have examined the record for fundamental error, and none appearing, the judgment and sentence is modified to 5 years and a fine of $250.

POWELL, P. J., and NIX, J., concur.