Preston STEELE, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12891.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1960.

Hyde & Freeman, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis T. Martin, Co. Atty., McCurtain Co., Don Stevenson, Asst. Co. Atty., McCurtain Co., Idabel, for defendant in error.

NIX, Judge.

Preston Steele was charged by information filed in the district court of McCurtain County with the crime of possession of marihuana, was tried before a jury, found guilty and the jury assessed the punishment and one and a half years in the Oklahoma State Penitentiary.

Petition in error with casemade attached was filed in this Court on April 15, 1960, and under the rules of the Court, brief was due to be filed within thirty days thereafter. On May 16, 1960, plaintiff in er-ror was given 60 days to file his brief; on July 15, 1960, plaintiff in error was given an additional 30 days in which to file a brief. The case was submitted on record September 21, 1960, with no briefs filed.

This Court has said in many cases too innumerable to mention and specifically in Hulsey v. State, 82 Okl.Cr. 332, 169 P.2d 771:

"Where the defendant appeals from a judgment of conviction and no briefs are filed nor argument presented, this court will examine the evidence and ascertain if it supports the verdict, and will make an examination of the information, instructions excepted to, and the judgment, and if no material error is apparent, the judgment will be affirmed."

Accordingly we have complied with this rule and find no material error.

The record reflects that defendant was charged with Carson Steele and Billy Joe Powers with the possession of marihuana.

O.S.A. Title 63, § 451, states:

"It shall be unlawful for any person, or any officer or employee of any firm, corporation or association to plant, cultivate, protect, harvest, cure, prepare, barter, sell, give away, or use, or offer to sell, furnish or give away, or to have in his or their possession Marihuana * * *."

O.S.A. Title 63, § 452, states:

"Any person or any officer or employee of any firm, corporation or association violating the provisions of Section 1 of this Act shall be guilty of a felony, and shall be fined not more than Five Thousand ($5000.00) Dollars, or shall be imprisoned not more than seven (7) years, or by both such fine and imprisonment."

The deputy sheriff testified that he apprehended the defendant on April 16, 1959, about 3:00 a. m. When defendant's car was stopped, defendant dropped a brown envelope to the ground and kicked it under

the car, and the officers recovered the package; that when they got it from under the car it had his wife's name on the package. The envelope was introduced as evidence with the contents intact. The chemical analysis report made by the chief chemist of the Criminal Laboratory Division stated the envelope contained 704 grains of marihuana, and this report was introduced as state's exhibit number two.

There is no complaint that the evidence failed to support the charge set out in the information. We have examined the record and complied with the rule that where no briefs are filed, this Court will examine the evidence and ascertain if it supports the verdict, and will make an examination of the information, instructions excepted to, and the judgment, and if no material error is apparent, the judgment will be affirmed. We find no material error; therefore the case is affirmed.

POWELL, P. J., and BRETT, J., concur.