**Paul Henry NORRIS, Plaintiff in Error,**
v.
**The STATE of Oklahoma, Defendant in Error.**

No. A–13275.

Court of Criminal Appeals of Oklahoma.

Nov. 21, 1962.

W. L. Steger, Durant, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Paul Henry Norris was charged in the district court of Bryan County with the crime of assault with a deadly and dangerous weapon; was tried, convicted of the included crime of assault, and his punishment assessed by the jury at thirty days in the county jail and a $100 fine. From this judgment and sentence he has appealed.

The judgment and sentence was entered in the court below on July 3, 1962, and the appeal was filed in this court on August 2, 1962. On September 24, 1962 an order was entered assigning the case for oral argument for October 17, 1962.

No briefs have been filed, and the plaintiff in error made no appearance on the date the case was assigned for oral argument. The case is now subject to a summary affirmance, in absence of fundamental error. Titsworth v. State, Okl.Cr., 368 P.2d 526; Steele v. State, Okl.Cr., 357 P.2d 252; Adams v. State, Okl.Cr., 350 P.2d 985.

Counsel, in his petition in error, sets out the usual reasons for the reversal of this case, and in addition thereto states that the purported verdict is void for uncertainty; that the verdict is void on its face; that the jury arrived at their verdict in an improper manner and in a manner contrary to the instructions of the court and contrary to law; and, complains of inflammatory remarks of the county attorney and prejudicial questions asked by the county attorney and excepted to by the defendant, and exceptions allowed.

We have read the record carefully in search of fundamental error, and fine none.

The information properly charged the accused with the crime of assault with a deadly and dangerous weapon, to-wit: a pistol, setting forth the manner in which the weapon was used. The verdict returned by the jury reads:

"We, the jury duly empanelled and sworn in the above entitled case, do, upon our oaths, find from the law and the evidence, the above named defendant, Paul Henry Norris, guilty of assault and assess his punishment at 30 days county jail—$100.00 fine."

No exception was taken to the verdict at the time it was received. The statute (21 O.S.1961 § 644) fixes punishment upon conviction for the crime of assault at not to exceed 30 days in jail or by a fine of not more than $100, or both, at the discretion of the jury; and the court so instructed them. We have consistently held that where a verdict is irregular in form, but is not objected to at time it is returned, and the court given an opportunity to have the jury correct it, every intendment will be indulged to uphold it, and where, from examination of verdict and entire record intent of jury as expressed in verdict may be clearly ascertained, it will be upheld. Smith v. State, 83 Okl.Cr. 392, 177 P.2d 523; Pruitt v. State, 94 Okl.Cr. 387, 236 P.2d 702, and cases cited.

There is nothing in the record before us to indicate that the jury arrived at its verdict in an improper manner, or in a manner contrary to the court's instructions.

The arguments of the county attorney are not shown in the record, and we are of the opinion that the trial court fairly ruled on all objections and exceptions to the introduction of evidence.

The evidence amply supports the verdict; and the instructions were fair and impartial, no exceptions being taken to any of them. The judgment and sentence is in keeping with the verdict of the jury.

Finding no fundamental error, the judgment and sentence of the district court of Bryan County is affirmed.

NIX, P. J., and BUSSEY, J., concur.