Charles McGEE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13619.

Court of Criminal Appeals of Oklahoma.

June 9, 1965.

A. W. Mauldin, Duncan, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Charles McGee was charged in the district court of Stephens County, Oklahoma with the crime of manslaughter in the first degree, in that on May 30, 1964 he made an assault upon one Jerry Polk, Jr., with a certain five-shot Victor .38 calibre pistol, inflicting wounds from which the said Jerry Polk, Jr., died.

The case was tried to a jury. The jury found defendant guilty, and fixed his punishment at imprisonment in the State Penitentiary for a term of not less than four years, and not more than twenty years. Motion for new trial was duly filed and overruled, and appeal has been perfected to this Court.

Petition in error with case made attached was filed herein on January 8, 1965. Under the rules of the Court, brief was due to be filed by the plaintiff in error, hereinafter referred to as defendant, within thirty days.

The case was assigned for oral argument in this Court for May 12, 1965. No brief has been filed, and oral argument on behalf of the defendant was waived by his attorney.

It has repeatedly been held by this Court that where a defendant appeals from a judgment of conviction and no briefs are filed and no argument presented, the Court will examine the evidence and as-certain if it supports the verdict of the jury; and will make an examination of the information, instructions given and requested, and the judgment and sentence, and if no material error is apparent, the judgment will be affirmed. Hulsey v. State, 82 Okl.Cr. 332, 169 P.2d 771 and cases cited therein; Barber v. State, 94 Okl.Cr. 306, 235 P.2d 726; Steele v. State, Okl.Cr., 357 P.2d 252; Titsworth v. State, Okl.Cr., 401 P.2d 187.

We have carefully examined the entire record, and find no material error. The information was sufficient to charge the crime of manslaughter in the first degree. The evidence was sufficient to justify conviction. The instructions of the court were fair and full, and no exceptions to the instructions were taken, and no additional instructions were offered by the defendant. The judgment and sentence is in keeping with the verdict, and the statutes.

After a careful examination and consideration of the entire record, the Court concludes that the defendant was afforded a fair and impartial trial; and no material error being apparent in the record, the judgment and sentence of the district court of Stephens County is affirmed.