Vernon **HASKINS**, as husband and next friend of Doreena **Louise** Curtis Haskins, his wife, an emancipated juvenile, Petitioners,

v.

Honorable Glenn Dale **CARTER**, and Honorable Robert Foster, Associate District Judges of the 23rd Judicial District of Oklahoma, Respondents.

No. A–17642.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 1973.

Irvin Owen, Shawnee, for petitioners.

Charles Lane, Asst. Pottawatomie County Dist. Atty., for respondents.

OPINION AND ORDER OVERRULING MOTION TO DISMISS AND DENYING WRIT

BLISS, Presiding Judge:

Petitioners, by virtue of a petition filed August 7, 1972, in this Court, sought a stay

of proceedings below, a jury trial in an action growing out of application of the Interstate Compact On Juveniles, 10 O.S. 1971, §§ 531–537, a Writ of Prohibition and then on December 5, 1972, filed a Motion to Dismiss the above pending proceedings on the grounds of mootness.

Respondents countered with a response alleging contradictory evidentiary facts and requested an opportunity to present evidence, authority and argument. The matter was set down before Referee C. Michael Zacharias on January 9, 1973, at which time the Respondents appeared in person and by counsel, Assistant Pottawatomie County District Attorney Charles Lane.

Neither petitioner nor counsel appeared, but the Court received a letter from counsel for petitioner on January 5, 1973, to the effect that he was involved in a major trial and would be unable to attend. No continuance was asked, but rather counsel stated:

"I waive argument, and will abide by your ruling and have notified opposing counsel."

Pleadings and evidence before this Court reflect that petitioners were husband and wife, respectively 22 and 15 years of age, married January 19, 1972, at Trenton, Missouri, with parental consent of doubtful validity. That thereafter, petitioners resided near the home of the wife's parents in Bellflower, California, for about one month before moving to Asher, Oklahoma.

The record next reflects that on the petition of the wife's mother, annulment proceedings were commenced in Los Angeles County Superior Court and said court acquired jurisdiction of the respondent husband by service of process on January 26, 1972, just seven (7) days after the marriage. Further, that the court entered a final judgment of annulment March 2, 1972, and entered an order restraining the respondent husband from contacting the respondent wife in any fashion.

The parents reported their daughter missing and on April 3, 1972, the Los Angeles County Sheriff's office teletyped the missing person data to the Asher Police Department with a request to pick up the girl and detain her. The girl was located near Asher the following day and transported to the Hope House shelter at Shawnee. On April 5, a petition was filed in Pottawatomie County District Court alleging the respondent wife was a runaway juvenile as contemplated by the Interstate Compact, *supra.*

Associate District Judge Glenn Dale Carter held a hearing April 14, 1972, on the petition, assumed jurisdiction under the Compact, fixed bond in the amount of $500, advised the relatives of the petitioners to obtain counsel and continued the matter to May 24, 1972, pending a requisition from California under the Compact. The requisition was issued May 11, 1972, and thereafter counsel for petitioner made a timely demand for jury trial which was formally overruled on May 24, 1972. At that time, the matter was continued as petitioner gave notice of intention to appeal the denial of jury trial to the Supreme Court.

Said appeal was perfected, but later dismissed on June 20, 1972. Respondent next, on July 7, 1972, filed a motion to disqualify against Judge Carter, who was then out of the state. Judge Foster, sitting in Judge Carter's absence, overruled the motion as moot since Foster rather than Carter would hear the matter and set the hearing on the requisition down for July 14, 1972.

On July 14, 1972, wherein all parties appeared represented by counsel, Judge Foster took testimony from witnesses, received evidence and heard arguments. Based on the hearing, Judge Foster made the following specific findings:

That the California requisition for the petitioner's return was valid and in proper form under the Compact;

That there was a valid marriage;

That the marriage was in fact annulled, that the petitioner was not a married person and that she was under a disability by

virtue of her minority to establish a common-law marriage relationship;

That her absence from her parents' custody and the living in a state of wedlock with a man not her husband was detrimental to her interest as well as that of the public.

Based on the foregoing findings, Judge Foster entered an order directing her return to the State of California by July 28, 1972, and failing that the order empowered the Pottawatomie County Sheriff to take her into custody and return her to California.

Petitioner sought to stay Judge Foster's order with an appeal to Federal District Court but later dismissed that appeal as moot when the parties left Oklahoma.

Subsequent to the foregoing proceedings, the petitioner was the basis of a second petition filed by her mother September 30, 1972, which petition resulted in her return to California by court order a second time on October 13, 1972. Since that time she has again returned from California to Oklahoma, is presently the subject of missing persons action in California and of a detention order issued December 18, 1972, by Judge Carter and according to evidence offered here, has been seen in Pottawatomie County as recently as December 25, 1972. The appeal which is the subject of petitioner's motion to dismiss is the appeal from the July 14 order lodged in this Court August 7, 1972.

■ Petitioner argues the issues contained therein are moot since the order was carried out. The respondents feel the mootness argument is vitiated by virtue of the girl's return and current status.

This Court is inclined to adopt the latter view. It cannot be said the issues are moot when there is a currently outstanding detention order for the petitioner and substantial efforts are being made to take her into custody and return her to her parents.

■ Petitioner's basic contention is that she is entitled to a jury trial based upon 10

O.S.1971, § 1110, which provides a jury trial on demand in hearings to determine whether or not a child is within the purview of Act pertaining to Delinquent, Dependent And Neglected Children. Petitioner apparently reasons that because Title 10 encompasses both delinquency proceedings and the Interstate Compact on Juveniles, that provisions of one chapter should apply throughout the title. The argument, unsupported by authority, is made that the Compact was designed to supplement the Oklahoma Children's Code. This reasoning is fallacious, since it would require extension of provisions of the Children's Code to cases involving adoption, bastardy, paternity and artificial insemination which are also topics included under Title 10.

■ As we have stated, petitioner cites no authority for the proposition that petitioner was entitled to a jury determination of the issues in her return under the Compact and it is settled law that this Court will not search the books for authorities to support bare assertions. McGee v. State, Okl.Cr., 402 P.2d 921 (1965); Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969).

We specifically hold in this case, after a careful reading of the Compact and reviewing the evidence before us that the court below complied with all Constitutional requirements of fundamental fairness and due process. Further, after reviewing the Oklahoma Statute and those of the other state signatories to the Compact, it is clear that individuals who might become subject to that Act's provisions were not intended and are not entitled as of right to a jury trial inasmuch as the proceedings under the Compact adjudicate neither rights nor status.

In addition, the evidence before this Court makes it patently clear this matter is anything but moot and the Pottawatomie County District Court is hereby directed to proceed on its outstanding detention order in a manner not inconsistent with the views expressed herein.

In view of the foregoing, Petitioner's Motion to Dismiss is overruled and the Writ is denied.

BUSSEY, J., concurs.

BRETT, J., dissents.