**Margaret SUMMERS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–706.**

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1978.

Archibald B. Hill, Jr., Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Ross N. Lillard, III, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

The appellant, Margaret Summers, hereinafter referred to as the defendant, was charged in the District Court, Okfuskee County, Case No. CRF–75–4, with the offense of Murder in the Second Degree, in violation of 21 O.S.Supp.1973, § 701.2. She was tried by a jury, convicted and sentenced to imprisonment in the State penitentiary for a term of ten (10) years to life. From this judgment and sentence, the defendant has perfected a timely appeal to this Court.

Briefly stated, the facts adduced at trial are as follows. On the evening of January 13, 1975, the defendant sent her husband out to buy some cigarettes. After waiting approximately an hour and a half for her husband's return, the defendant set out in search of him. She subsequently found her car parked near a local tavern and observed her husband at the side door of said establishment. Upon approaching the passenger's side of the automobile, she noticed the decedent, Mable Jean Cunningham Albright, sitting in said vehicle and demanded that she get out. After the decedent complied with that command, the defendant shot and killed her.

At this time, the defendant's husband fled the scene and the defendant followed him, assuring him that she was not going to

shoot him. She subsequently encountered Elijah Dean, Chief of Police of the City of Boley, and Benny Marzette, a Deputy Sheriff. During the ensuing investigation she made various inculpatory statements, both before and after her arrest.

At trial, the defendant took the stand and testified that, because of previous encounters with the deceased during which she observed, on at least two occasions, that said individual was armed, she feared the decedent although she admitted that the decedent had not yet harmed her. She further stated that the decedent, after being ordered out of the car, threatened to take the defendant's life and contended that she fired in self-defense. She added that she did not actually remember shooting the decedent, but, in fact, blacked out during that period.

Also testifying for the defendant was James A. Cox, a psychiatrist, who testified that he had examined the defendant and diagnosed the defendant as suffering from depressive neurosis. He asserted that, from his examination of the defendant and based upon the defendant's story concerning the events of the shooting, the defendant was in a state of "disassociation" at the time she shot the decedent. It was his contention that in such event, the defendant had no control over her acts and could not have determined between right and wrong. However, the doctor did admit that an instinctive reaction and ones ability to distinguish between right and wrong are not incompatible, and further that an immediate expression of remorse could indicate that an individual understood the consequences of his or her acts.

As her first and third assignments of error, the defendant contends that the trial court erred in admitting testimony of Elijah Dean and Benny Marzette concerning statements made by defendant prior to being informed of her rights as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ However, after a careful review of the record, it is apparent that any testimony admitted at trial concerning the defendant's statements prior to being given her *Miranda* warning concerned either statements made before investigation had proceeded beyond general inquiry[1] or statements voluntarily offered by the defendant on her own initiative. In *Miranda v. Arizona,* supra, the Supreme Court stated that:

"Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

It appears that the statements in question were not obtained during custodial interrogation, and the warnings required by *Miranda v. Arizona,* supra, are applicable only to custodial interrogation. Therefore, these assignments of error are found to be without merit.

■ The defendant's second assignment of error is that the verdict was not sustained by sufficient evidence, is contrary to law, and is in total disregard of the court's instruction. First, the defendant contends that the verdict as returned by the jury fixing the punishment at "not less than ten (10) years and not more than ten (10) years" was erroneous as a matter of law. While this sentence was clearly not authorized by 21 O.S.Supp.1973, § 701.4 which provided for an indeterminate sentence of ten (10) years to life,[2] it is also clear, after a careful reading of this Statute, that punishment for the crime involved here was not left to the discretion of the jury and a examination of the judgment and sentence included in the record indicates that the defendant was subsequently sentenced by the court in accordance with the above stated Statute. Furthermore, in the Syllabus by the Court in *Norris v. State,* Okl.Cr., 376 P.2d 522 (1962) we stated that:

"Where verdict is irregular in form but is not objected to at time it is returned, and court given opportunity to have jury cor-

1. See *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

2. This Statute was amended by 21 O.S.Supp. 1976, § 701.9 B to provide punishment "for not less than ten (10) nor more than life."

rect it, every intendment will be indulged to uphold it, and where, from examination of verdict and entire record intent of jury as expressed in verdict may be clearly ascertained, it will be upheld."

■ Finally, after a careful review of the record, we find that, otherwise, the verdict of the jury was in no way inconsistent with the instructions given by the trial court and that there was clearly sufficient evidence upon which to base a finding of guilt.

In her fourth assignment of error, the defendant sets forth three arguments, one of which reiterates the argument set forth in the second assignment of error concerning the punishment returned by the jury and is answered above. The defendant failed to support any of these arguments with authority. See, *Sandefur v. State,* Okl.Cr., 461 P.2d 954 (1969). Furthermore, the remaining arguments while factually correct concerning the initial incomplete return of the verdict form, bears no effect on the verdict as returned by the jury.

In her fifth and final assignment of error, the defendant contends that the verdict was "grossly excessive and rendered by the jury under the influence of passion and prejudice, as well as being influenced by statements improperly made by the court." This assignment of error is entirely frivolous, in view of the fact that under the law as it existed at the time of this trial, the defendant could have received no sentence other than ten (10) years to life after being found guilty of Murder in the Second Degree. Furthermore, we find that the statements asserted by the defendant to be improper, were, in fact, proper and in any event no objections were raised and therefore the issue was not properly preserved for review by this Court.

For the above and foregoing reasons, the judgment and sentence of the trial court is hereby *AFFIRMED.*

BUSSEY, P. J., and CORNISH, J., concur.