G. M. WOODRUFF v. STATE.

No. A-8781.   Feb. 8, 1935.
Rehearing Denied Feb. 26, 1935.
(41 Pac. [2d] 129.)

Oscar C. Simpson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of receiving stolen property and was sentenced to serve a term of four years in the state penitentiary.

The information charges in substance that on a named date defendant received from Pat Thompson and Roy Clayton, for a consideration of $2, an overcoat, knowing at the time the same to have been stolen.  Roy Clayton and Pat Thompson testified they burglarized the house of one R. W. Ward and stole the overcoat in question and sold it to defendant.  To show guilty knowledge they testified that they had committed a number of burglaries and thefts, they sold him stolen property, such items as a camera, hat, shirts, a radio, and other things, which he knew to have been stolen, and that he had solicited them to bring him any property which they had for sale.  It was shown that defendant was connected with two secondhand stores on South Harvey, in Oklahoma City, and that he was a fence for juvenile thieves.  The evidence clearly shows the guilt of defendant.  The defense is alibi.

It is first argued the court erred in overruling the defendant's motion to quash the information.  It appears a preliminary complaint was filed before a justice of the peace in which it was alleged the stolen property belonged to one C. R. Stephens.  Defendant waived preliminary examination.  Three days before the preliminary was waived the preliminary information was amended in the justice court by changing the name of C. R. Stephens to R. W. Ward.  (C.-M. 28.)  The information in the district court alleges the property belonged to Ward.  This allegation is surplusage.  In a charge of receiving stolen property it is not necessary to allege the ownership of the property. White v. State, 23 Okla. Cr. 198, 214 Pac. 202, 205.

Next it is argued the court erred in overruling defendant's motion for continuance. This motion was predicated on the illness of H. J. Mackey, attorney for defendant. It was shown Mackey had been sick for some days and defendant had employed Oscar Simpson as his attorney, but just how long before the trial does not appear. It is well settled that the granting or refusing a motion for a continuance is within the sound discretion of the trial court, and unless there is an abuse of discretion a conviction will not be reversed on the ground of overruling such motion. That the absence of defendant's leading counsel is not grounds for continuance where he is represented by his other counsel. Coffey v. State, 38 Okla. Cr. 91, 258 Pac. 923.

Complaint is also made that the assistant county attorney was guilty of prejudicial misconduct. In one instance in examination of jurors on voir dire he asked the question: "Q. Do any of you jurors belong to or have you belonged to an organization known as 'Red Devils' which was organized by defendant in this case?" An objection was interposed, sustained, and the jury admonished not to consider it. The question was not repeated. No other reference to any such organization was made, nor did defendant attempt to disqualify any juror by reason of this reference; no exception to the proceeding was made. Under this assignment it is also urged the assistant county attorney in his argument attacked the defendant's character, which he had not put in issue. Upon this point the trial court made the following finding:

"That the defendant Woodruff testified in his own behalf, and his attorney, Mr. Simpson, in arguing the case to the jury stated that Mr. Woodruff had been in the county for over 20 years and his reputation was good and if it had not been good the state could have impeached him,

and made considerable comment upon the splendid reputation of the defendant, and in replying to said argument the assistant county attorney stated that the state could not attack the good reputation of the defendant until he had offered evidence supporting that reputation and that if he had done that the state could cover him up with witnesses who would prove his bad reputation. To this remark the defendant objected and the objection was sustained by the court and the statement withdrawn by the assistant county attorney and the jury directed not to consider and told by the court that when the defendant testified the state had the right to introduce evidence tending to show his bad reputation for truth and veracity and as that had not been done in this case the jury should disregard the statement of the assistant county attorney, and the assistant county attorney withdrew the statement and apologized for making it and requested the jury not to consider it."

Where counsel for defendant goes outside the record and makes argument not supported by the evidence, then improper argument by the counsel for the state in answering such argument, unless clearly prejudicial, affords no grounds for a reversal, since the argument of defendant's counsel invites or provokes the objectionable argument. Buck v. Territory, 1 Okla. Cr. 517, 98 Pac. 1017; Wood v. State, 4 Okla. Cr. 436, 112 Pac. 11, 45 L. R. A. (N. S.) 673.

Upon an examination of the entire record we are satisfied defendant had a fair trial.

The case is affirmed.

DOYLE, J., concurs. DAVENPORT, P. J., not participating.