SAUL BUNN V. STATE.

No. A-10726.   Sept. 3, 1947.

(190 P. 2d 464.)

Morton Perry and Robert O. Swimmer, both of Oklahoma City, for plaintiff in error,

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Saul Bunn, was charged by information filed in the district court of Oklahoma county, with the crime of indecent exposure, was tried, convicted and pursuant to the verdict of the jury was sentenced to serve five years imprisonment in the State Penitentiary, and has appealed.

The information charged the defendant with lewdly and feloniously exposing his person in a shelter east of the State Capitol building at the end of the street railway car line on June 19, 1945. The defense was an alibi.

During the trial of the case, the state was allowed to introduce evidence without objection on the part of defendant's counsel to other alleged acts of indecent exposure committed at places and times other than that alleged in the information.

This case differs from that decided this day wherein this identical defendant appealed from another conviction for the same kind of offense, Bunn v. State, 85 Okla. Cr. 14, 184 P. 2d 621. In the other case, the evidence of the other offenses was admitted over the vigorous objection of counsel for defendant. In the instant case, no objection was interposed at any time to any of the evidence of the state.

We reversed the conviction in Bunn v. State, supra, because of the admission of the evidence of the other alleged offenses over the objections of counsel of defendant. We are presented with the question in this appeal as to whether the admission of this evidence without objection from defendant's counsel was a fundamental error which should require the reversal of the conviction. We think it is not.

In the case of Tuggle v. State, 73 Okla. Cr. 208, 119 P. 2d 857, 858, in discussing the question of fundamental error, it is stated:

"In an ordinary criminal case, the Criminal Court of Appeals will not consider any assignment of error, unless the same has been properly preserved before the trial court, except those questions which are so fundamental in their nature as to deprive the court of jurisdiction to try the accused and sentence him. The exception to this rule is applied in capital cases where the accused has been sentenced to death in the electric chair upon a plea of guilty. In such a case, this court will examine the record and

consider any errors that may be presented, which are fatal to the accused's rights."

In Nowlin v. State, 65 Okla. Cr. 165, 83 P. 2d 601, this Court stated:

"On appeal, burden is upon appellant to establish both error and prejudice resulting therefrom. * * *

"Alleged errors occurring during the progress of a trial, and not properly raised and presented in the court below, will not be considered on appeal."

In Franklin v. State, 71 Okla. Cr. 115, 109 P. 2d 239, it is held:

"Where the record does not show that counsel for appellant objected or excepted to the admission of the evidence complained of, his assignment of error thereon is not reviewable, because not properly preserved."

It was held in Ballew v. State, 55 Okla. Cr. 247, 28 P. 2d 993:

"Only those questions which were raised in the trial court and an adverse ruling thereon, exceptions taken, and then incorporated in a motion for new trial, and assigned as error in the petition in error, will be considered on appeal, except that jurisdictional questions may be raised at any step of the case."

In White v. State, 81 Okla. Cr. 399, 165 P. 2d 151, it is stated:

"Alleged errors occurring upon the trial of a case must be raised and urged before trial court and passed upon by such court before Criminal Court of Appeals will consider it, unless error assigned raised a jurisdictional question."

In Johnson v. State, 79 Okla. Cr. 363, 155 P. 2d 259, we held:

"In an ordinary criminal case, Criminal Court of Appeals will not consider any assignment of error presented by the appellant, unless it has been properly preserved before the trial court, except those questions which are so fundamental as to deprive court of jurisdiction to try the accused and sentence him."

In Palmer v. State, 78 Okla. Cr. 220, 146 P. 2d 592, it is held:

"Errors not excepted to will not be considered on appeal unless they are jurisdictional or fundamental, since appellate court indulges presumption that if error had been called to attention of lower court it would have corrected the error."

In Dunbar v. State, 75 Okla. Cr. 275, 131 P. 2d 116, this Court held:

"Only prejudicial errors raised by exceptions reserved require a new trial, and it is only where reviewing court is satisfied that verdict is contrary to law or to the evidence, or that injustice has been done, that reviewing court must reverse a conviction, whether or not an exception has been taken in trial court."

In Herren v. State, 74 Okla. Cr. 424, 127 P. 2d 215, it is further stated:

"Only those questions which were raised in trial court, and on which adverse rulings were made, exceptions taken, and then incorporated in a motion for new trial, and assigned as error in petition in error, will be considered on appeal, except that jurisdictional questions may be raised at any time."

We think the evidence of the other alleged offenses should not have been introduced and it would have been reversible error for the court to have admitted such evidence over objection of defendant's counsel. However,

the admission of such evidence without objection does not constitute fundamental or jurisdictional error. The terms fundamental and jurisdictional error as shown by the above citations are often used synonymously. We will consider this assignment of error in connection with the contention which is presented that the judgment and sentence is excessive.

Several days after the commission of the alleged offense charged herein, the defendant was arrested at the building, occupied by the State Health Department in Oklahoma City. He was arrested at that time on complaint of a woman employed by the Health Department who stated that she saw the accused standing on the porch of the building with his private parts exposed. He was detained in the office of the Superintendent of Health until officers arrived to take him into custody. While he was being detained, some employees of the Health Department saw him and stated that he was the same person who had exposed his private parts in a railway shelter at the State Capitol building on June 19th. The instant charge was filed as a result of that identification. For a further statement of the facts see Bunn v. State, supra. As hereinabove stated, we are convinced that the admission in evidence of other alleged offenses of a similar kind without objection from counsel for defendant was not a fundamental error requiring a reversal of the judgment of conviction. However, the introduction of such evidence by the state, even though no objection was made on behalf of the accused to the introduction of such evidence, probably had the effect of causing the jury to give the accused a more severe penalty than he would have received had such other alleged offenses been excluded from consideration of the jury.

Under the evidence of the state, the defendant un-buttoned his pants and exposed himself. He was sitting in the shelter. He spoke to no one and did not look at the women who testified against him. The act of exposing himself, however, was deliberately done and undoubtedly for the purpose of offending the adult white females who were waiting for the street railway car. Such an act itself undoubtedly tended to create prejudice against the accused. Several witnesses testified to the good reputation the accused bore in the community where he resided as an honest, law-abiding, moral and upright citizen. He is married and the father of two small girls. According to the evidence, he had never been arrested prior to this alleged offense for any cause.

From a careful review of this record and all of the facts and circumstances of the case, it is our opinion that justice would be served by modifying the sentence from five years in the State Penitentiary to a term of 60 days in the county jail and a fine of $500 and costs.

It is therefore ordered that the judgment and sentence of the district court of Oklahoma county be modified by reducing the sentence imposed against the defendant from a term of five years imprisonment in the State Penitentiary to a sentence of 60 days' imprisonment in the county jail of Oklahoma county, and a fine of $500 and costs, and the judgment and sentence of the district court of Oklahoma county, as thus modified, is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.