## MATHIS v. STATE.

No. A-11756. April 21, 1953.

Rehearing Denied May 6, 1953.

(256 P. 2d 465.)

Elmore A. Page, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., and Lewis J. Bicking, County Atty., Tulsa County, Tulsa, for defendant in error.

POWELL, P. J. The defendant, Herschel (Slim) Mathis, was charged by information filed in the court of common pleas of Tulsa county with the unlawful possession of intoxicating liquor, was tried before a jury, convicted and his punishment assessed at a term of 45 days in the county jail, and to pay a fine of $250, and costs. Appeal has been perfected to this court.

The record discloses that deputy sheriffs, Roy Bradshaw, W. A. Prince, and John Bell, armed with a search warrant to search the premises of Hugh E. Laxton out on West Fifty-first street, south and west of Red Fork in Tulsa county, did on November 20, 1950, search said premises and found a large quantity of whiskey, gin and wine stored in a new building of about 10′ x 12′ dimensions built on to the back of the Laxton barn. It was necessary to break a lock to get in the storage place. The occupant of the premises denied knowledge of the liquor being in the room, and claimed that he had, on October 21, 1950, rented the room to Herschel (Slim) Mathis for the period of October 21 to November 21, 1950, for the sum of $15 for the purpose of storage of feed. Mr. Laxton turned over to the officers a contract or rent receipt in verification of such statements, said writing being purportedly prepared in the handwriting of the defendant and signed by both the defendant and Laxton. Mr. Laxton so testified at the trial, and identified the contract or receipt mentioned.

The record does not disclose whether or not the defendant was mentioned in the search warrant. The state did introduce in evidence a Federal Retail Dealer's license for the period of November, 1950, to June 30, 1951, issued November 2, 1950, to Herschel (Slim) Mathis, which gave his address as 3506 W. 51st Street, Tulsa.

However, the evidence is conclusive that the defendant never maintained a residence in the leased room or on the premises, and at all events no question was raised by him as to the validity of the search warrant.

The testimony of Officers Prince and Bradshaw discloses that after the officers had loaded the liquor in their car and had driven out into the roadway that they found that a road grader had been used to so grade the road as to make it a oneway passage for a distance and they met head-on a car occupied by two persons, presently found to be Herschel (Slim) Mathis and one Hennessee. The officers could only guess as to their destination. Both cars stopped, almost bumper-to-bumper: It appears that to solve the impasse, Officer Bradshaw went to the other car, and in the process recognized the defendant and advised him that he had found his "plant" and had his whiskey, and defendant just "kind of shook his head," and Officer Bradshaw told him that he was under arrest. The officer further testified that while talking to defendant, he looked in the back seat of defendant's car and saw other whiskey in open view. Both officers further testified to thereupon searching defendant's car and finding additional liquor in the turtleback. The testimony with reference to the liquor discovered in the car was by the court ordered stricken and the jury was directed not to consider the same.

Defendant for reversal, complains of the action of the court in permitting the officers to testify to the arrest of the defendant by Deputy Bradshaw obstensibly as the owner of the intoxicating liquors they had just obtained from the shed room on the Laxton premises, and in permitting them to tell of liquor observed on the back seat of defendant's car, and by subsequent search, of additional liquor found in the back end of the car.

As heretofore stated, the court instructed the jury to disregard all testimony concerning the liquor found in the car, and the presumption is that the jury followed the court's instructions. However, the testimony was incidental to a rightful conversation with the driver of a car blocking the officers' passage on a public road, and who turned out to be the defendant, but who of course might have been on the way to the liquor "plant" just raided or somewhere else. But at all events, the officers had a right to tell about meeting the defendant, the conversation and what took place as the result thereof, but the error in excluding this testimony, being favorable to the defendant, may not be used by him as a basis of error. The cases from this court are uniform that a person may not complain of error committed by the court which was favorable to him.

The admission by Deputy Bradshaw that the defendant was not on the premises at the time he discovered the liquor taken under authority of the search warrant, and that he subsequently met him in the highway, refutes the idea of a valid arrest at the time for possession of the liquor here involved in that the crime charged amounted only to a misdemeanor, and in the absence of a warrant the misdemeanor must be committed in the presence of the officer. Evans v. State, 71 Okla. Cr. 239, 110 P. 2d 621; Lyons v. Worley, 152 Okla. 57, 4 P. 2d 3; Tit. 22 O.S. 1951 § 196.

The jury, as we have seen, did learn of the arrest of defendant that was illegal so far as being for the purpose of the liquor obtained in the search and forming the basis of the within prosecution, but this could amount to no more than harmless error.

The record shows that a warrant for defendant's arrest on the charge of possession of the liquor itemized in the information was duly issued and executed after the filing of the information.

Under the circumstances of the meeting of the cars caused by the road being blocked by rock and soil, the officers certainly had a right to engage the

defendant in conversation and without doubt had a right to· arrest him if they saw defendant violate the law in their presence by having liquor in open sight in his car.

At the close of the state's evidence counsel for defendant interposed a demurrer to the state's evidence and moved for a directed verdict of not guilty, which was overruled. The defendant did not testify and offered no evidence. We find ample evidence and circumstances unrefuted to sustain the verdict of the jury. The facts developed were sufficient to meet the tests heretofore prescribed in the decisions of this court.

Counsel insists that at all events this case should be reversed on the ground of certain improper remarks of the county attorney in his closing argument to the jury. We have carefully examined the record as to all remarks reported and the objections entered by defendant's counsel and the rulings of the court thereon. During argument the county attorney was apparently interrupted by defendant's counsel as to statement made. The following took place:

"Mr. Huckins [Assistant County Attorney] ; My remarks to the jury were as follows: That Mr. Page had told the jury that it might be that that place where the whiskey was found had been subleased to someone else, raising the inference that this defendant wasn't in possession of the place. I said there was no evidence that it had been subleased and if there were any evidence it had it certainly should be forthcoming. I· believe it would.

"Mr. Page: Leaving the inference that we were required to put on proof, and further reflecting against defendant's failure to take the stand and defend against the evidence as introduced by the State.

"The Court: The Court does not construe it that way. There have been full instructions given you and you will consider the evidence under those instructions, and the motion for mistrial is denied.

"Mr. Page: Will you instruct the jury again that we are not required to put on any evidence; that such statements of the County Attorney reflecting that we shoud have put on evidence is prejudicial?"

The court complied with the request of defense counsel and repeated instructions Nos. 3 and 4, previously given the jury which thoroughly took care of the complaint raised by counsel to an extent in fact not required by the remarks made by the county attorney.

It would appear that the statement above quoted was in reply to some hypothetical proposition that had been suggested by defense counsel that the defendant at the time of the discovery of the liquor could have sublet the room and not in fact been the owner of the lease or the liquor. There was no evidence introduced to support such suggestion. It would not have been necessary for the defendant to have so testified. It might have been shown, if there was basis in fact by the cross-examination of the state's witness, Hugh E. Laxton, defendant's lessor. The county attorney, of course, is entitled to reply to all such suggestions and inferences made by defense counsel, and such replies are not ordinarily ground for reversal, depending on the relevancy of such replies, the extent, etc.

This court has held the comment of the county attorney in argument to the jury about the defendant's failure to present evidence in a case, with comparable facts as here, not to be a comment upon the failure of the defendant to testify as a witness in his own behalf, within the meaning of Tit. 22 O.S. 1951 § 701. Yeargain v. State, 76 Okla. Cr. 50, 134 P. 2d 142; Woodruff v. State, 56 Okla. Cr. 409, 41 P. 2d 129.

Concerning another excerpt from the county attorney's argument, defense counsel stated: "I want to object to his attacking me as being too technical,

though it is my duty as a lawyer to my client to be technical about questions involving the law."

In the case of Kennamer v. State, 59 Okla. Cr. 146, 57 P. 2d 646, this court treated in detail a situation where we had for consideration unexplained excerpts from the remarks of counsel to the jury, and this case does not justify detailed treatment, as anyone interested may refer to that case.

At all events, the testimony of the two officers and witness Laxton, and the Federal Retail Dealer's liquor license issued to the defendant, and the circumstance of his appearing in front of the Laxton farm as the officers were leaving, and apparently on his way to visit the place, uncontradicted, constitutes overwhelming proof of the guilt of the defendant, where believed by the jury, and would justify the application of the harmless error doctrine even if it appeared that the remarks of the county attorney were erroneous, which we do not find, for the reasons given.

The case is affirmed.

JONES and BRETT, JJ., concur.

Rehearing Denied May 6, 1953.