**John C. DICKSON, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A-12654.**

Criminal Court of Appeals of Oklahoma.

March 18, 1959.

John L. Ward, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

The plaintiff in error, John C. Dickson, hereinafter referred to as defendant, was charged in the district court of Tulsa County with the crime of indecent exposure.

The record indicates that on July 6, 1957 defendant, then 23 years of age, while sitting in an automobile at 304 West 9th Street, Tulsa, Oklahoma, and where he could be and was observed by Mrs. Nellie Wilson and her husband, opened his pants so that his private parts would show.

Defendant was subsequently arrested and charged as stated. Following this the case was continued from time to time in order that defendant might enter the Veterans' Hospital at Topeka, Kansas for hospitalization and psychiatric treatment. He remained in that hospital five months. Private psychiatric treatments were recommended, and thereafter defendant received

some treatment at the Hillcrest Hospital, Tulsa.

■ On April 21, 1958, after defendant's return from the hospital he appeared before the court and entered a plea of guilty to the crime charged. He was represented by counsel. His case was by the court referred to a probation officer for investigation, as is the custom under such circumstances. The probation officer thereafter succeeded in obtaining from the Veterans' Administration Hospital, Topeka, Kansas, medical information concerning the results of the observation and treatment of the defendant during his stay in that institution. Also as a part of the Veterans' Bureau records, defendant gave his lifetime sexual history and difficulties; something extremely confidential and of course something that would not have been admissible in evidence should the defendant have changed his plea to that of not guilty, and demanded trial.

The probation officer in view of his investigation and the report in question, recommended that the court not suspend any sentence that might be imposed. The court thereafter entered judgment, sentencing defendant to three years confinement in the State Penitentiary, and appeal has been perfected to this court.

It is argued that the atmosphere and indication at the time defendant entered his plea of guilty and agreed to go to the hospital for a period of treatment was that the eventual sentence imposed would be suspended; and that the matter that prevented this was the erroneous consideration by the court of the confidential sexual history of defendant, recited to his psychiatrist, and in which defendant admitted homosexual practices while in the United States Navy, and the enjoyment of exposing his private parts to view. This history is sufficient to shock any normal person, but is convincing of the mental illness of any one succumbing to such revolting and despicable and depraved practices as given in defendant's history.

At the time of sentencing, the court permitted this defendant to make a statement. Defendant thought his psychiatric treatments had greatly benefitted him, and it developed that he has since married, and is employed.

■ We must assume that the court in fixing sentence disregarded all evidence that would have been inadmissible.

■ We next consider the question of whether under the facts recited the sentence imposed was excessive.

The statute covering the crime charged, 21 O.S.1951 § 1021, as amended, Laws 1951 p. 60, § 1, provides punishment upon conviction as follows:

"* * * by the imposition of a fine of not less than Ten Dollars ($10.00) nor more than One Thousand Dollars ($1,000.00) or by imprisonment for not less than thirty (30) days nor more than ten (10) years, or by both such fine and imprisonment."

Disregarding the confidential information that defendant imparted to the psychiatrist, who was attempting to treat defendant for his malady and break him from his corrosive and detestable habits, and in view of defendant's apparent good faith effort, we feel that justice would best be served by modifying the sentence imposed from three years to one year in the State Penitentiary. And this conclusion is reached in view of the holdings in the following cases from this court: Daves v. State, 77 Okl. Cr. 343, 141 P.2d 603; Bunn v. State, 85 Okl.Cr. 367, 190 P.2d 464; Davison v. State, Okl.Cr., 281 P.2d 196; and Marshall v. State, Okl.Cr., 316 P.2d 222. The listed cases may be referred to for a detailed discussion of supporting reasons for modification in a case with comparable facts as herein.

Judgment, as modified, is affirmed.

NIX and BRETT, JJ., concur.