Clarence Alvin WIMPLE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13446.

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1964.

Rehearing Denied Jan. 6, 1965.

Archibald Hill, Jr., Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Clarence Alvin Wimple, hereinafter referred to as defendant, was charged by Information in the Superior Court of Comanche County with the crime of Indecent Exposure. He was tried by a jury, found guilty, and sentenced to 8 years in the Oklahoma State Penitentiary.

From this judgment and sentence, defendant has perfected his timely appeal in this Court, urging two main contentions of error.

First, it will be necessary to summarize the facts of the case. The prosecuting witness testified that she was hanging out her wash on a clothesline at the rear of the apartment building where she lived with her husband and three children. She observed a red pick-up truck circling around and driving thru the alley near the clothesline. She stated the right door of the truck was missing and that the driver, (whom she later identified as defendant) was exposing his private parts to her as he drove slowly by. She then reported the incident to the apartment maintenance man, who, in turn, called the police. This occurred on November 16, 1962.

On January 9, 1963, the defendant was arrested on another indecent exposure charge, and was identified by the prosecuting witness as the same person committing the offense in question.

Defendant's first contention of error is that he was denied a fair trial because the trial court overruled his Motion for Continuance inasmuch as he was not physically able to assist his counsel in his defense.

The Motion for Continuance appears in the casemade at page 19–20 with no disposition shown in the record at that point. On page 21, the court minute shows both sides announced *ready* for trial, and on page 122, a minute shows Motion overruled and that defendant announces ready for trial; no objection by defendant shown.

No testimony or affidavits from physicians as to defendant's physical condition

was presented—nothing except an affidavit of defendant was presented to the trial court.

■ This Court has held, as in the case of Shetsky v. State, (1955) Okl.Cr., 290 P.2d 149:

"To justify a continuance the burden is on movant claiming illness of self, a witness or attorney, to make a proper showing, and whether the continuance should be granted depends on the circumstances, the determination of which rests in the sound discretion of the trial court."

The trial judge was in a position to observe defendant, and as it turned out, defendant was present in court during the trial and did not suffer any ill effects.

■ Considering the record as a whole, evidence found to be insufficient to show that the trial judge erred in his conclusion that the showing was insufficient to prove that accused was in such poor physical condition at time of trial as to operate to his substantial prejudice or endanger his life or health.

We, therefore, hold that the trial judge did not abuse his discretion in overruling the Motion for Continuance.

Defendant's proposition number two states that evidence of proof of another offense being admitted into evidence was error.

This arises out of the testimony of a witness for the state, Doris Brown. She testified that on January 9, 1963, a man whom she later identified as the defendant, exposed himself to her as she was hanging out clothes. She stated he drove slowly by her in a pick-up truck trying to get her attention, and that when he succeeded, he exposed his private parts to her. She stated also that the right door of the truck was missing.

This incident is, of course, identical to the one of November 16, 1962 for which defendant is on trial. Both of these women lived in similar projects occupied mainly by servicemen and their families. Both had clotheslines in the rear of their residences near an alley traveled by motor-vehicles. Both incidents occurred in the morning hours when ordinarily the husbands would be away. Both were hanging out clothes when they observed a pick-up truck driving slowly down the alley. Both described their particular offender as having a broad grin on his face as he got their attention and performed his indecent act. Both described the vehicle as a pick-up truck with the right door missing.

Defendant's brief gives correctly the general rule of admissibility of this type of evidence, but does not state the exception thereto, which would apply in this case.

■ This was very recently discussed in the case of Green v. State, Okl.Cr., 385 P.2d 820. (That case was reversed because the trial judge failed to explain the reason the testimony was admitted by proper instruction. *Such is not the case here.*) Judge Johnson stated the applicable law as follows:

"The general rule is that evidence, which in any manner shows or tends to show that accused has committed an offense other than that for which he is on trial, and wholly independent thereof, even though an offense of the same general character, is inadmissible since accused must be convicted, if at all, by evidence which shows him to be guilty of the offense charged."

"Under *exception* to general rule that accused must be convicted, if at all, by evidence showing him to be guilty of the offense charged, evidence of other offenses recently committed by accused, similar to the offense charged, is admissible when such evidence tends to establish a common scheme or plan, embracing the commission of two or more offenses so related to each other that proof of one tends to establish the other, or when such evidence shows or tends to show guilty knowledge or intent in the commission of the offense charged." (Emphasis ours)

"When evidence of other offenses allegedly committed by accused is offered for the purpose of showing a common scheme, plan or intent, such evidence, to be admissible, must clearly come within the exceptions to general rule that accused must be convicted, if at all, by evidence showing him to be guilty of the offense charged, and when such evidence is admitted, *it is the duty of the trial court in his instructions to the jury to so limit the consideration of such evidence.*" (Emphasis ours)

Keeping the above applicable law before us, let us examine the record in the instant case. The trial judge gave the following instruction (Number 5):

"Certain evidence has been introduced tending to show that the defendant may have been guilty of other separate and distinct offenses from that charged in the information. This evidence was not admitted as tending to prove the guilt or innocence of the defendant of the specific offense charged in the information in this case, but for the purpose of showing a scheme or plan of operation and for no other purpose.

And you may, in your discretion, consider the same for such purpose and for none other. A person may not be convicted of the commission of one offense by any other proof tending to show that he may or may not have committed another offense."

This instruction clearly puts the admission of the questionable testimony under the exception to the general rule. In this type of sex crime, the offender does seem to follow a set pattern of operation, and for that reason, proof of other offenses has been in general use in this State as well as other jurisdictions.

The trial judge limited the testimony for the purpose of showing the common scheme, plan, or intent only.

This Court feels the law in Oklahoma is clear cut and explicit on this point, and after careful consideration of the entire record, finds there is no proper showing of reversible error.

The judgment and sentence of the trial court is hereby Affirmed.

JOHNSON, P. J., and BUSSEY, J., concur.