James Earl LEWIS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14674.

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1969.

---

1. [to ascertain whether or not there is just cause for the charge.]

Jay Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., S. M. Fallis, Dist. Atty., James W. Fransein, Asst. Dist. Atty., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in Error, James Earl Lewis, hereafter referred to as defendant, was tried by a jury and convicted for the offense of Sodomy. He was tried in the District Court of Tulsa County, Oklahoma; and the jury assessed his punishment, under the indeterminate sentence act, to serve from three to nine years imprisonment. Judgment and sentence was imposed on defendant by the trial court on the 27th day of October, 1967. From that judgment and sentence defendant lodged this appeal.

The information alleged that defendant forced another "cell-mate" in the Tulsa County Jail to permit him to commit "anal-Sodomy" on him. The victim testified in court that he offered no resistance to his assailant because of the metal plate located in his head; and that he feared the defendant would attack him and cause permanent damage to his brain by striking him on the head; and he testified that the defendant had on other occasions threatened to strike him on the head. Another man who was in the same jail cell testified that he saw the act committed; and he identified the defendant as being the man who committed the criminal act. The fourth man in the jail cell was not available to testify. At the time of trial he had been transferred to the federal penitentiary at El Reno, Oklahoma, to serve five years on a federal conviction.

Defendant offers one proposition in an effort to cause a reversal of this conviction. He asserts in his brief that it was error for the trial court to deny his oral motion for continuance, because of the absence of the fourth cell-mate. Defense counsel related that the absent witness would testify that this defendant did

not commit the alleged act. Counsel also asserted that the absence of the witness came as a surprise to him; and that he had not issued a subpoena for him to appear because he thought the witness was confined in the county jail.

However, the record before the Court reflects that counsel did not file a written motion for continuance, with supporting affidavit attached, as required by the statutes; and, the record also reflects that the alleged absent witness had been gone from the county jail for a period of fifty-four days, having been transported to the federal penitentiary on August 16, 1967. Therefore we fail to see the surprise claimed by defense counsel, when he learned of the absence of the witness on the day of trial. Notwithstanding the fact that counsel was one of the Public Defenders, such is not sufficient explanation to warrant the contention of surprise, under the facts of this case. We observe also, that the prosecutor requested counsel to place in the record the testimony the alleged witness would provide, but about all counsel could offer was that the witness would deny the act having been committed by the defendant.

It has long been the rule, that a motion for continuance is addressed to the sound discretion of the trial judge, and this court will not disturb the decision of the trial court unless there is a clear showing of an abuse of that discretion. See: Wimple v. State, Okl.Cr., 397 P.2d 696, and others.

After reviewing the record and briefs submitted to the Court, we are of the opinion the trial court did not abuse its discretion in denying defendant's oral motion for continuance. The defendant offered no defense, but stood on his plea of not guilty. Thereafter, the court properly instructed the jury. The jury returned a verdict finding defendant guilty and assessed his punishment; and after imposing judgment and sentence the trial court ordered defendant's appeal to be made at State expense.

We have carefully reviewed the record and briefs filed in this appeal and are of the opinion the judgment and sentence in Tulsa County District Court case number 22,770, should be affirmed.

It is so ordered.

BUSSEY and NIX, JJ., concur.