**Tommy Allen BOYD, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14936.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1970.

An appeal from the District Court of Oklahoma County; Clarence Mills, Judge.

Tommy Allen Boyd was convicted of three charges of Indecent Exposure, sentenced to 7 years each to run concurrent, and appeals. Modified to two (2) years on each charge, to run concurrently, and affirmed.

Andrew L. Hamilton, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Gary F. Glasgow, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Tommy Allen Boyd, hereinafter referred to as defendant was tried on three charges of indecent exposure in the District Court of Oklahoma County, Case No's. 33965, 34038, 34194, combined in one jury trial on defendant's agreement. The jury found the defendant guilty and left punishment to the trial court. Judgment and sentence was imposed on March 22, 1968, assessing the punishment at seven years imprisonment on each charge to run concurrently. Defendant has been at liberty on bond since that date.

The evidence indicates that on December 9, 1967, defendant, while seated in a car, exposed his private parts to two different women and that on February 29, 1968, defendant entered a 7–11 Store in Oklahoma

City, where he opened his overcoat and exposed himself to a female clerk. Defendant made no obscene remarks to the complaining witnesses, or make any indications in that direction. The incidents were brief and free of any sexual, abusive, or coercive conversation.

The facts of these incidents were not controverted and the defense was one of insanity. Defendant sought psychiatric treatment from Dr. Morman Prosser, a medical doctor specialized in nervous or mental disorders in psychiatry and neurology, who testified regarding his examination of defendant and cases of such exposures:

"Usually they have built up a state of tremendous emotional tension that pulls them in this direction, which is momentarily relieved by the display; just as a kleptomaniac's tension is relieved by taking anything * * *.

It is more of a compulsive reaction in which they feel driven to do something which, even though they know it is wrong, and even though they know it's punishable, and unacceptable to society, they do go ahead and execute it. * * *

Ordinarily such individuals are not dangerous. They do not follow up their exhibitionist's conduct with any type of approach or attack upon the individual or person to whom they have exhibited themselves. This is not a well organized sexual assault in any sense of the word. It is a reversal to a childhood display of one's self, which is basically not for sexual purposes."

Defendant has raised three issues on appeal: prejudicial remarks of the prosecutor during argument; inadequate statement of the law on mental capacity; and excessive punishment.

Regarding the standard of mental capacity, we have examined the instructions and find that they are a proper statement of the law pertaining to insanity as a defense, the test to be applied in determining insan-

ity, and mental capacity. 21 O.S.1961, §§ 152, 154. 22 O.S.1961, § 1161. Merrick v. State, 56 Okl.Cr. 88, 34 P.2d 281 (1934). Revard v. State, Okl.Cr., 332 P.2d 967, certiorari denied 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030. Cunningham v. State, 70 Okl.Cr. 131, 105 P.2d 264 (1940). There was competent evidence before the jury from which they could conclude defendant was legally sane and therefore criminally responsible for his acts. Although defendant urges re-evaluation of the Oklahoma test of legal sanity with regard to irresistible impulse or compulsion, we do not find the evidence herein supports or justifies such consideration at this time.

A further assignment of error by defendant is the prejudicial remark of the prosecuting attorney during closing argument which was unsupported by the evidence. The prosecuting attorney made the argument to the jury that the state penitentiary had qualified psychiatrists who could treat the defendant just as well as psychiatrists at a state mental hospital. Defendant's motion for a mistrial was overruled. The State makes the argument that the remark was invited by defense counsel's argument and is therefore proper citing Woodruff v. State, 56 Okl.Cr. 409, 41 P.2d 129 (1935), and Dixon v. State, 56 Okl.Cr. 454, 42 P.2d 286 (1935).

The alleged inviting remark was defendant's argument to the jury that defendant should be found not guilty by reason of insanity and committed to a state mental hospital for treatment. This argument was supported both by the evidence and instructions. The prosecutor's remark which has no basis in fact cannot be excused as invited or provoked by defense argument. Defense counsel did not go outside the record or make arguments unsupported by the evidence which might excuse an objectionable argument provoked thereby as was the case in Woodruff v. State, supra, and Dixon v. State, supra. In this instance the prosecutor's remark was unsupported by evidence, inaccurate, and misleading. While a prosecutor should vigorously perform his duty,

"It must be done with the evidence before the jury and not by improper, prejudicial evidence injected during the course of the argument and not supported by the evidence of record." Sharkey v. State, Okl. Cr., 329 P.2d 682 (1958).

However, in the instant case the improper comment of the prosecutor was not sufficiently prejudicial as to affect the jury's finding of guilt. As was held in Gant v. Raines, Okl.Cr., 377 P.2d 603:

"[U]nless such argument, in view of the entire record, affected defendant's substantial rights, or caused bias or prejudice against him in the minds of the jury, the conviction will not be reversed for that reason. * * * The evidence of guilt was so clear and convincing that if no argument had been made on either side the result would have been the same." 377 P.2d at 607.

▬ Since the prosecutor's improper comment was not sufficiently prejudicial as to affect a finding of guilt, and since the evidence is clearly sufficient to support the conviction, reversal of the conviction is not required, but such an error is a basis for modification of the sentence in the interest of justice. 22 O.S.1961, § 1066. Bald Eagle v. State, Okl.Cr., 355 P.2d 1015 (1960). Barrett v. State, Okl.Cr., 357 P.2d 1020 (1961).

The subject matter involved in this case has emotional reactions which invite passion and prejudice disproportionate to the circumstances. In a number of cases over the years this Court has found it necessary to modify sentences imposed for indecent exposure. In Daves v. State, 77 Okl.Cr. 343, 141 P.2d 603 (1943), where the defendant was found guilty of indecent exposure before three small children, this Court modified a ten year sentence to one year. That decision observed that the indecent exposure offense in Oklahoma had previously been a misdemeanor and commented as follows:

"An examination of the authorities, so far as we have been able to examine them, reveals that in similar statutes of the different states, crimes of this character are designated as misdemeanors, and punishment consists of a fine or jail sentence, or both, at the discretion of the jury or court. We have not found any statute which makes a crime of this nature a felony. * * * The defendant should be punished, but it should be within the bounds of justice and reason, and should not be the result of passion and prejudice." 77 Okl.Cr. at 358, 359, 141 P.2d at 611.

The *Daves* decision has been subsequently cited with approval in a number of cases. In Bunn v. State, 85 Okl.Cr. 367, 190 P.2d 464 (1947), where the defendant was found guilty of indecent exposure on different occasions, the five year prison sentence was modified to 60 days in jail. In Landrum v. State, 96 Okl.Cr. 356, 255 P.2d 525 (1953), the one year sentence was modified to six months in jail.

In Baker v. State, Okl.Cr., 291 P.2d 381 (1955), while modifying a ten year sentence to two years, this Court observed, "This was not a case where the accused had accosted children or a lone woman, or group of women." The Court significantly noted in reference to the defendant: "Without doubt the man needs medical or psychiatric treatment."

The defendant convicted of indecent exposure before two teenage girls in Marshall v. State, Okl.Cr., 316 P.2d 222 (1957), had his three year sentence modified to six months in jail. In Dickson v. State, Okl. Cr., 336 P.2d 1113 (1959), where the defendant had sought psychiatric treatment (as in the instant case), the Court "in view of defendant's apparent good faith effort" modified a three year sentence to one year. In Wollaston v. State, Okl.Cr., 358 P.2d 1111 (1961), the defendant was convicted on three different charges of indecent ex-

posure by a jury with punishment left to the trial judge. The three year sentence imposed was modified to two years on appeal.

Clearly the sentence in the instant case should be modified in view .of the prior holdings of this Court, the improper comment of the prosecutor, and in the absence of aggravating circumstances.

The defendant sought psychiatric treatment and the evidence indicates treatment would be successful in time. In such an instance a suspended sentence for a reasonable term with psychiatric treatment as a condition of the probation would seem an appropriate course. However, such an alternative is outside our authority as the trial court alone may grant a suspended sentence either at imposition of judgment and sentence, 22 O.S.Supp.1970, § 991a, or after appellate determination, 22 O.S. Supp.1970, § 994. Defendant's conduct while at liberty pending appeal might be indicative of the risk factor in consideration of a suspended sentence.

It is doubtful that a prison cell, whether for one day or ten years, will cure the defendant's mental compulsion that prompted his offensive acts, indeed it may aggravate it. On the other hand, it is quite possible that psychiatric treatment could eliminate his compulsion and thereby protect the public and restore this individual to a useful life. Regrettably the State has not seen fit to so protect its citizens as the law only provides punishment, not treatment.

We therefore conclude that the conviction is valid, but that in the interest of justice, the sentence must be modified from seven years to two years on each charge to be served concurrently. The judgment and sentence as so modified is hereby affirmed.

Modified and affirmed.

BRETT, P. J., concurs.

BUSSEY, J., concurs in result.