Claire Francis **NOBLE**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–17097.

Court of Criminal Appeals of Oklahoma.
April 19, 1972.

Charles W. Stubbs, and Robert O. Steiner, Jr., Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

OPINION

SIMMS, Judge:

Defendant was charged by information in the District Court of Oklahoma County, Oklahoma, with the crime of Robbery with Firearms, Case No. CRF-71-312. He was tried by a jury, found guilty, and sentenced to a term of Thirty-Five (35) Years in the penitentiary. From that judgment and sentence he has appealed to this Court.

This appeal was filed on November 15, 1971, with a brief from the defendant due thirty days later. None has been filed, nor extension of time in which to brief requested. Therefore, on March 3, 1972, this cause was summarily submitted by order of the Presiding Judge, for examination for prejudicial error only.

From the record, the facts adduced from the testimony, are that on February 5, 1971, Curtis Mobley was working at Brannon's Food Market in Del City, when defendant walked up to the counter of the office where Mr. Mobley was waiting on another customer. Witness Mobley stated that defendant had on a "trench coat," and that when he finished with the customer, he looked back at defendant, who had a sawed-off shotgun pointed at him. Defendant told him, "It's your turn. Give me all your money." The witness stated he took all the money out of the safe and placed it in a sack given him by defendant. He was then told to go to the cash registers and get the money from them, which he did. Defendant then went out the front door and ran toward the north. Witness Mobley stated he followed defendant and saw him drop the sack with the money in it. He gathered up the sack, leaving part of

the money all over the sidewalk and street, running on to a 1963 blue Ford. Witness got the tag number of the car, writing it on his hand. He stated four other employee's had followed him out of the store and he yelled the tag number to them. The tag number was given to the police. Witness testified $3,550.00 was taken from the store, that $1,721.00 was recovered from the street where defendant dropped the sack. Witness Mobley positively identified defendant as the man was robbed the store.

Delmar Dale Doussett, another employee of the store, testified substantially the same, except that he stayed back and telephoned police when Mr. Mobley chased defendant out the door. He positively identified defendant and the shot-gun.

Steven Howard Richardson, another employee, testified substantially the same also. He stated he helped pick up the money that was dropped outside the store. He identified defendant and the shot-gun.

F. E. Babb, Police Officer, Dallas, Texas, assigned to Homicide-Robbery, testified that on February 5, 1971, he was given a description of defendant and car, and the car tag number; was advised that the described person had committed an armed robbery in Oklahoma, and was armed. Officer Babb found the car at an apartment complex in Dallas. He went to defendant's apartment, and arrested him when he came to the door. This was within *six hours* after the robbery in Oklahoma. Officer Babb further testified that when he placed defendant under arrest, he searched him, and when he stepped into the apartment, he stepped on a small bundle of money on the floor. Approximately $1,700.00 was found under the bed in the apartment. with a roadmap clearly marked from Dallas to Oklahoma City. The officer stated the money had wrappers from some town in Oklahoma. The officer further stated that defendant voluntarily told them where the shotgun could be located, and admitted he robbed the store in Del City.

Carroll Cain, Lieutenant on the Del City Police Department, testified Curtis Mobley gave him a description of a car and license tag number. He called the Dallas Police Department, and gave the Homicide-Robbery Division information on the car and the defendant. He further testified he went to Dallas on February 8, 1971. That he talked to defendant, and went with underwater divers and other officers to a small lake behind the apartment complex where defendant was living, and they recovered the shotgun from the lake. He further stated that when he returned to talk to the defendant, that he voluntarily talked with him, and made a statement regarding the robbery in Del City.

The defendant took the stand in his own behalf, and categorically denied everything. He stated the car belonged to his wife of two months; that he had been home all day watching TV and didn't use the car or see the car. He testified there was no bundle of money on the floor. That he had $1,000.00 of his own money in a dresser drawer. Defendant testified that he did not commit the robbery. He acknowledged having been previously convicted of Child Abandonment, Assault with a Dangerous Weapon, and Carrying a Gun in a Car. There was no other testimony offered in behalf of the defendant.

■ The conflict, or truthfulness of the witnesses, presented a factual situation for the jury, and this Court has repeatedly stated:

"Where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, this Court of Criminal Appeals will not interfere with verdict even if there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of jury to weigh evidence and determine facts." Fink v. State, Okl.Cr., 480 P.2d 938 (1970).

See, also, Simon v. State, Okl.Cr., 493 P.2d 454 (1972).

Even though this case has been submitted on the record without briefs, defendant raises certain propositions in his petition in error which we feel should be treated.

■ Defendant complains of the arrest at his Dallas apartment and the ensuing search. As seen from a brief recitation of the facts above, Officer Babb, supplied with both a description of defendant and the description and tag number of the car, discovered the car on the parking lot of a Dallas apartment house. The officer then went to the apartment of the driver of the automobile, knocked on the door, and when defendant came to the door, the officer immediately took him into custody. Unquestionably, the arresting officer had probable cause to believe a felony had been committed in the State of Oklahoma, and by reason of information supplied him through Oklahoma law enforcement agencies, had probable cause to believe the defendant committed that crime.

■ It is well-established law in Oklahoma and other jurisdictions that an officer may arrest for the commission of a felony not committed in his presence where the officer has probable cause predicated upon facts communicated to him by others. Battles v. State, Okl.Cr., 459 P.2d 623. Booze v. State, Okl.Cr., 390 P.2d 261. Welch v. State, 30 Okl.Cr. 330, 236 P. 68.

■ Insofar as the seizure in defendant's apartment of the money allegedly taken in the armed robbery, suffice it to say, the record indicates the same was in plain view of the officers making a valid arrest and therefore, subject to lawful seizure. As Judge Nix wrote in Battles v. State, supra:

"The constitutional guaranty against unlawful search and seizure does not prevent seizure incident to a lawful arrest where the evidence is not concealed but in open view, and where it would logically tend to prove elements of the offense charged."

■ Defendant next contends that the trial court abused it's discretion in denying his motion for continuance. The motion for continuance contained in the record seeks postponement of trial so that an attorney from Texas could be present and actively participate during the presentation of evidence to the jury. Careful reading of the motion for continuance reveals that the Oklahoma attorney, who represented defendant at trial, quoting the motion itself, "has been handling all matters concerning this Defendant with the advice consent and assistance of the attorney from the state of Texas."

■ Generally, motions for continuance are addressed to the sound discretion of the trial judge whose denial of such motion will not be disturbed on appeal unless there is a clear showing of an abuse of discretion. Lewis v. State, Okl.Cr., 462 P.2d 336 (1969).

This Court held in Woodruff v. State, 56 Okl.Cr. 409, 41 P.2d 129 (1935), and in other cases too numerous to enumerate, that an application for continuance on the ground of the absence of leading counsel is properly denied, where defendant is duly represented by his other counsel.

■ Defendant also complains of improper argument of the District Attorney in closing summation. The argument of counsel has been carefully scrutinized and we find nothing therein contained to warrant either reversal or modification. As we said in Battle v. State, Okl.Cr., 478 P.2d 1005 (1970):

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration and argumentation is wide. Counsel for both the State and the defendant have a right to discuss fully from their standpoints the evidence and the inferences and deductions arising

therefrom. It is only when argument by counsel of the State is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

Defendant alleges error on the part of the trial court in not allowing defendant an examination for his mental ability to assist in his trial. We need only observe that the record is completely devoid of any evidence indicating a question as to defendant's ability to know right from wrong and aid counsel in his defense. It was held in Marsh v. State, Okl.Cr., 468 P.2d 800 (1970), that in the absence of evidence the defendant was insane, trial court's refusal to commit defendant for mental observation was not erroneous.

Also raised in the petition in error is the allegation that the trial court failed to instruct the jury on the effect of defendant's prior convictions brought out on both direct and cross-examination. The court's instructions are not a part of the record as the same were omitted from the designation of record for appeal. It should also be pointed out that defense counsel, according to the transcript, offered neither objections to any of the trial court's instructions nor did he request any particular instruction be given. It is not within the province of this Appellate Court to presume the trial court erred in its instructions.

As to the alleged confession of the defendant, the record clearly shows he was given the Miranda warning and there is nothing in the record to indicate the confession was anything other than voluntary.

We have reviewed the entire record filed herein, and find no fundamental or prejudicial error. The sentence is well within the statute, and not excessive, under the facts.

The judgment and sentence is, therefore, affirmed.