**William Anthony BECK, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–83–539.**

Court of Criminal Appeals of Oklahoma.

Aug. 21, 1984.

---

Elaine Meek, Asst. Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

On appeal from his conviction of Indecent Exposure, Case No. CRF–82–160, and sentence of eighteen (18) months imprisonment and a two thousand ($2,000) dollar fine, from the District Court of Pottowatomie County, Oklahoma, the appellant, William Anthony Beck, hereinafter referred to as defendant, raises two assignments of error.

On the morning of May 21, 1982, Mr. Brown attempted to pull his van out into the traffic, but was unable to do so because a Trans Am was blocking him. Brown looked into the car, and saw defendant sitting with his shirt completely unbuttoned and his pants unzipped, and also observed him holding his erect penis in his right hand and masturbating as he watched the passing women. Defendant was subsequently arrested with his shirt unbuttoned, and his pants partially unzipped. Defendant testified in his own behalf and denied exposing himself or masturbating.

■ In his first assignment of error, defendant contends that the state presented insufficient evidence at trial to show that the defendant willfully exposed himself. However, this Court has consistently held that where, as here, there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict since it is the exclusive province of the jury to weigh evidence and determine the facts. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980); *Sisk v. State*, 483 P.2d 747 (Okl.Cr.1971).

■ In the case at bar, defendant was observed exposing himself by Mr. Brown, and was caught "with his zipper down" when arrested. We find that there was sufficient evidence to sustain the jury's verdict, and, therefore, defendant's first assignment of error is meritless.

■ In his second assignment of error, defendant complains that the punishment of eighteen (18) months imprisonment and a two thousand ($2,000) dollar fine is excessive. We agree. The offended person viewed the exposure for only a few moments, and this was not an aggravated case where a person seeks to attract attention or consciously show himself. In the past, we have modified sentences based on similar facts. See *Cook v. State*, 345 P.2d 902 (Okl.Cr.1959); *Marshall v. State*, 316 P.2d 222 (Okl.Cr.1957); *Bunn v. State*, 85 Okl.Cr. 367, 190 P.2d 464 (1943).

Accordingly, it is the opinion of this court that the judgment should be MODIFIED to thirty (30) days in the county jail of Pottawatomie County and a five hundred ($500.00) dollar fine.

Accordingly, the judgment and sentence is **AFFIRMED as MODIFIED.**

BRETT, J., concurs.

BUSSEY, P.J., specially concurs.

BUSSEY, Presiding Judge, specially concurs:

I would affirm the judgment and sentence without modification. If the defendant is otherwise qualified, he may, after the affirmance of the judgment and sentence, seek a suspended sentence by filing the appropriate application in the District Court of Pottawatomie County. The trial court would then be in a better position to determine whether the sentence should be suspended either in whole or in part, based upon the evidence presented.